## THE MISSOURI PACIFIC RAILWAY COMPANY V. THE INTERNATIONAL MARINE INSURANCE COMPANY.

### No. 3160.

1.   **Interstate Freight Contract.**—Article 278 of the Revised Statutes does not apply to an interstate shipment, such as from one State into another.   See Railway v. Sherwood, Thompson & Co., ante, p. 125.

2.   **Insurance—Contract with Carrier.**—A carrier may stipulate in his contract of shipment for the benefit of any insurance that may have been effected upon the goods to be transported.   The effect of such a stipulation where previously thereto the shipper has obtained a policy providing that the insurer shall be subrogated to the claim of the insured against the carrier is to invalidate the contract of insurance and defeat a recovery by the insured on the insurance policy.

3.   **Same.**—An action can not be maintained by the insured against the insurance company when by his inconsistent stipulations with the carrier he has defeated the insurer's right of subrogation.

4.   **Same—Payment—Subrogation.**—In case of such inconsistent stipulations a payment by the insurance company would be merely voluntary.   No subrogation would follow from such payment against the carrier.

5.   **Authority of Agent—Notice.**—An agent of a nonresident firm bought cotton for the firm and shipped it to his principal.   Such agent would be presumed to have authority to make any kind of lawful freight contract upon shipment of such cotton. In absence of limited authority the carrier would not be affected by the want of authority by such agent to make the freight contract, reserving benefit of insurance upon the freight.

6.   **Consideration.**—That no specified sum was expressed or understood as being in consideration of the stipulation for benefit of any insurance does not defeat the clause; the gross sum paid is but one consideration for all the stipulations by the carrier.

APPEAL from Dallas.   Tried below before Hon. CHAS. FRED. TUCKER.

Appellee, plaintiff below, instituted this suit against appellant, defendant below, upon a bill of lading, on July 30, 1888, in the District Court of Dallas County, Texas, for $2000, with 8 per cent interest thereon, the alleged value of forty bales of cotton lost or destroyed in transit on November 14, 1887.   Plaintiff alleges in its petition, substantially, that on November 4, 1887, Lucas E. Moore & Co., through their agent J. P. Russell, of Royse, Texas, having purchased on account of plaintiff 500 bales of cotton, delivered the same to defendant at Royse, Texas, to be by it carried and forwarded to the city of New Orleans, Louisiana; that defendant received the said cotton and undertook and promised, in consideration of the sum of $4 per bale, to carry and have carried by its connecting lines said 140 bales of cotton, and to deliver the same to the order of said Lucas E. Moore & Co., or their assigns, at New Orleans, Louisiana; that thereupon the defendant executed and delivered to said J. P. Russell a bill of lading and contract of carriage of and for said cotton, whereby the defendant

acknowledged the receipt of said cotton in good order, to be delivered in like good order to the said Lucas E. Moore & Co., or their assigns, at New Orleans, Louisiana; that forty bales thereof were not delivered, but were lost or destroyed in transit; that plaintiff had insured for said Lucas E. Moore & Co. said cotton to the amount of the value thereof, and that on, to-wit, about January 1, 1888, plaintiff paid Lucas E. Moore on said insurance the value of said forty bales of cotton lost or destroyed, to-wit, the sum of $1905.21; that by the terms of the policy of said insurance plaintiff became subrogated to the claim and rights of said Lucas E. Moore & Co. against the defendant; also that said Lucas E. Moore & Co. assigned to plaintiff their said claim.

The defendant pleaded exceptions, general denial, and specially, that it is a corporation duly and legally incorporated under the laws of the State of Missouri; that it is a railway, and that its line of railway, and especially that part of it over which said cotton was to be shipped, does not now, and at the time of the alleged shipment did not, lie wholly within the State of Texas, but partly within said State and partly without said State; that, as alleged by plaintiffs, it delivered said bill of lading to J. P. Russell, which was duly assigned and delivered to plaintiff; that plaintiff received and accepted the same, subject to the terms and conditions thereof; that under and by virtue of the terms of said bill of lading the same was an interstate shipment from Royse, Texas, to the city of New Orleans, Louisiana; that it was not a shipment wholly within the State of Texas; that in said bill of lading it was expressly agreed and stipulated that this defendant should not be liable for loss or damage of said cotton by fire while in transit, not caused by the negligence of defendant, its servants, or agents; that if said cotton was destroyed as claimed by plaintiff, it was destroyed by fire at Greenville, Texas, while in transit, while in the Greenville compress, in nowise owned or operated by this defendant, while awaiting to be compressed, as provided by said bill of lading; that if it was destroyed in said compress it was by fire, without fault or negligence on defendant's part, or on the part of its servants or agents.

For further special answer, defendant pleaded, in bar of plaintiff's suit, that by and under the terms of said bill of lading it was agreed, as a part of the consideration for which said cotton was received for transportation, that defendant would be subrogated to the right and claim of Lucas E. Moore & Co. for said insurance due to them by plaintiff.

Plaintiff, in a supplemental petition, excepted to the plea, alleging an exemption from liability for loss by fire, because such an exemption is void under the law of Texas forbidding common carriers to limit their liability as it exists at common law.

Plaintiff also replied, that J. P. Russell was not authorized to make a contract with defendant exempting it from liability for loss by fire, or providing that it should be subrogated, in case of such loss, to the

rights of the assured in and to insurance effected upon the cotton; that the duties of Russell terminated with the delivery of the cotton to the defendant, at its station at Royse, Texas; that if Russell had been authorized to contract for the subrogation, as alleged by defendant, such contract was without consideration, because there was no reduction by defendant, on account thereof, of the rate of transportation; that at the time of the shipment Lucas E. Moore & Co. held an open policy of insurance, issued by plaintiff September 3, 1887, covering the cotton in question, and containing the following provision: "It is agreed, that upon the payment of any loss or damage the insurers are to be subrogated to the rights of the assured under their policy or transportation receipts to the extent of such payment;" that having paid upon notice of the destruction of the cotton the value thereof to the assured, Lucas E. Moore & Co., plaintiff became subrogated to their rights against the defendant, the subrogation relating back to the time of the delivery of the cotton, prior to the issuance of the bill of lading; that if the clause subrogating the carrier to the rights of Lucas E. Moore & Co. had been inserted by them or their authority in the bill of lading, it would have vitiated the policy, but that plaintiff, being satisfied that the bill of lading containing said clause had been accepted, without the knowledge or authority of the assured, paid the insurance and took an assignment of the claim of Lucas E. Moore & Co. against the carrier, defendant; that neither plaintiff nor Moore & Co. knew of the existence of the clause of subrogation in the bill of lading until after the destruction of the cotton; that the defendant knew or could easily have known by inquiry of the policy, because "the same was a universal custom" with all owners and consignees of cotton.

In rejoinder to plaintiff's replication, defendant excepted to all that portion of said replication alleging that J. P. Russell had no authority or power to make the special contract subrogating defendant to said insurance, and alleging custom, etc., in avoidance of said contract, because in the absence of fraud, accident, or mistake the contract can not be contradicted or varied; and further, the law presumes that J. P. Russell, the shipper, had such authority, and plaintiff is estopped from denying his authority.

The court sustained plaintiff's exception to defendant's answer setting up its exemption from liability for loss by fire, and overruled defendant's exception to plaintiff's replication alleging that J. P. Russell had no authority to make a contract of shipment subrogating defendant to all insurance, etc.; and a jury being waived, the trial resulted, on October 9, 1890, in a judgment for plaintiff for principal and interest—$2349.73. From this judgment defendant appeals.

[This statement accompanied the opinion.]

*Alexander & Clark*, for appellant.

*Leake, Shepard & Miller*, for appellee.

TARLTON, Judge, *Section B.*—Appellant first suggests, that the court erred in sustaining plaintiff's exception to defendant's answer alleging the contract of shipment, by the terms of which the defendant was exempted from liability for loss or damage to plaintiff's cotton by fire. The court below, in sustaining the exception, held that the contract of exemption was void, as in violation of article 278 of the Revised Civil Statutes, forbidding the limitation by carriers of their liability at common law. We have held in the case of the Missouri Pacific Railway Company v. Sherwood, Thompson & Co., that the provisions of this statute do not apply to an interstate shipment, such being the character of the shipment described in defendant's answer. It follows, therefore, that the court erred in sustaining the exception.

In the event that on another trial the evidence should show that the fire which destroyed the cotton is chargeable to the negligence of the appellant, it becomes material to consider the second assignment of error. In this it is urged that the court erred in overruling defendant's special exception to all that portion of plaintiff's supplemental petition alleging the want of authority on the part of the shipper, J. P. Russell, to make the contract containing the clause subrogating to the defendant the insurance upon the cotton.

A carrier may stipulate in his contract of shipment for the benefit of any insurance that may have been effected upon the goods to be transported. Ins. Co. v. Railway, 63 Texas, 475; Railway v. Zimmerman, 81 Texas, 605. The effect of such a stipulation where previously thereto the shipper had obtained a policy providing that the insurer shall be subrogated to the claim of the insured against the carrier, is to invalidate the contract of insurance and defeat a recovery by the insured on the insurance policy. An action by the insurer can not be maintained against the insurance company, because by his inconsistent stipulation with the carrier he has defeated the insurer's right of subrogation. Carstans v. Ins. Co., 16 Am. and Eng. Ry. Cases, p. 142. In this case, therefore, the action of the insurance company, appellee, in paying the loss was purely voluntary. Under its averments, the payment was made with knowledge of the stipulation in the bill of lading by which the shipper had debarred himself of all right to recover on the policy. The payment was made without obligation, either moral or legal, resting upon the insurance company, and no right of subrogation could spring therefrom. Appellee's allegations seem to concede the correctness of this conclusion; but it contends that the contract of shipment with the carrier was made by an agent, and that he had no authority to contract for the stipulation referred to. It is admitted in the supplemental petition that Russell, the agent, was authorized to contract for the shipment of the cotton. This, we think, imparts the

authority to make a contract containing the stipulation in question. Ryan v. Railway, 65 Texas, 13. In the absence of notice to the contrary, the carrier might rely upon the existence of such power in the agent. The supplemental petition does not allege that the carrier in this instance had notice of such want of authority. It is hence defective, and the appellant's exception should have been sustained.

Appellee further contends, that the subrogation clause in the bill of lading was without consideration, because there was no corresponding reduction in freight rates. We regard this clause as but one stipulation in an entire contract of carriage, supported by a sufficient consideration. It is not necessary that it should rest upon a separate and an additional consideration.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 25, 1892.

A motion for rehearing was overruled at the Austin Term.