### AETNA LIFE INSURANCE COMPANY v. J. B. PARKER & COMPANY.

#### No. 1175.  Decided February 26, 1903.

**1.—Insurance—Penalty for Delay in Payment.**

Art. 3071 of the Rev. Stats., imposing a penalty of 12 per cent and attorney's fee for failure to pay a life or health insurance policy within the time specified, does not apply to accident insurance.  (Pp. 293, 294.)

**2.—Insurance—Subrogation.**

An accident insurance company is not entitled to be subrogated to the claim of insured against a railway company for negligence causing his injury, on payment of the indemnity stipulated in the policy; nor can it defend against the claim of insured because he has settled with and released such railway company.  (Pp. 293, 294.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Smith County.

*Harry P. Lawther,* for plaintiff in error.—The provision of the statute imposing the penalty and attorney's fee in question is as follows: Art. 3071, title 58, Rev. Stats., 1895: "In all cases where a loss occurs and the life or health insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent damages on the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss."

This statute does not apply to accident insurance.  Fidelity and Casualty Co. v. Dorough, 107 Fed. Rep., 389.

A contract of insurance other than that of life, and accident where the injury results in death, is one of indemnity.  1 Joyce on Ins., sec. 24.

In accident insurance where the injury to the person does not produce death, the policies are clearly contracts of indemnity.  3 Suth. on Dam., sec. 104; 1 Joyce on Ins., sec. 271.

Accident insurance is more analogous to fire than life insurance, since it is a provision for indemnity, except in case of death.  Bouvier's Law Dic., Rawles Rev., 61; Niblack on Ben. Soc. and Acc. Ins., secs. 363-420.

Where the insurance contract is one of indemnity and the insurer pays the insured the full amount of his loss, the former will be entitled to be subrogated to the rights of the latter against the person by whose negligence the loss was occasioned.  Sheldon on Subrog., sec. 229; 4 Joyce on Ins., sec. 3574; 2 May on Ins., 3 ed., sec. 454; Houston Direct Nav. Co. v. Insurance Co. of N. A., 89 Texas, 1; Wager v. Providence Insurance Co., 150 U. S., 99; Hall v. Nashville Railway Co., 13 Wall, 367; St. Louis, A. & T. Railway Co. v. Fire Assn. of Philadelphia, 18 S. W. Rep., 43; Swarthout v. Chicago & N. W. Railway Co., 49 Wis., 625; Phoenix Insurance Co. v. Pennsylvania Co., 20 Law. Rep. Ann., 405; Sun Oil Co. v. Ohio Insurance Co., 15 Ohio Circuit Court,

355; Home Mut. Insurance Co. v. O. R. & N. Co., 20 Ore., 569; Burnand v. Rodocanachi, 7 App. Cases, 339; Darrell v. Tibbitts, 5 Q. B. Div., 560; Castellain v. Preston, 11 Q. B. Div., 380.

When an insurance company pays the insured for a loss occasioned by the fault of a railroad company, and the insured afterwards receives the amount from the railroad company in satisfaction of his damages, he holds it in trust for the insurers, and they may recover it from him by suit in equity. 4 Joyce on Ins., sec. 3574; Monmouth, etc., Insurance Co. v. Hutchinson, 21 N. J. Eq., 107; Hart v. Western Railway Co., 13 Metc., 99.

By destroying the insurer's right of subrogation, in giving a full release of all claims against the person whose wrongful act has caused the damage, the insured bars an action on his policy to recover any part of the loss. Dilling v. Draemel, 16 Daly, 104; Lett v. Insurance Co., 52 Hun, 570; Insurance Co. v. Storrow, 5 Paige, 285.

If one who insured property, which is destroyed by the negligence of a third person, settles with and receives payment of his loss from such person, he thereby releases the insurers from liability to him on his policy. Sims v. Mutual Insurance Co., 101 Wis., 586.

Where the insured had destroyed the insurer's right of subrogation because there could be no further recovery from the wrongdoer for its tort, held he could not recover on his policy. Packham v. German Insurance Co., 50 Law. Rep. Ann., 828, and brief.

[From argument in support of a motion for rehearing, which was overruled.]—The court erred in adopting the opinion of the Court of Civil Appeals on said second certified question, and in holding that in so far as the right of subrogation is concerned, accident insurance is more analogous to life than to either fire or marine insurance: and that the principle announced in Bradburn v. Railway Company, L. R., 10 Ex. 1, had some bearing on the question.

The court erred in holding that the doctrine, that it is no defense to a party whose negligence caused the loss that the owner of the property has been indemnified by insurance, had some bearing on the question. That doctrine is well established with reference to fire insurance. Anderson v. Miller, 31 Law. Rep. Ann., 604; Regan v. New York N. E. Railway Co., 60 Conn., 124; Smith v. Boston & M. Railway Co., 63 N. H., 25; Cunningham v. Evansville & T. H. Railway Co., 102 Ind., 478; Collins v. New York C. & H. R. Railway Co., 5 Hun, 503; affirmed, 71 N. Y., 609; Hagan v. Chicago, D. C. G. T. J. Railway Co., 86 Mich., 615; Weber v. Morris & E. Railway Co., 36 N. J. L., 213.

That doctrine is as well settled as that of subrogation, and has been laid down by the same courts that have announced the latter doctrine, and in many instances both principles have been announced in the same decision. Regan v. New York & N. E. Railway Co., 60 Conn., 124. The doctrines are not opposed; they are in harmony. They not only

stand together, but are both bottomed upon the same principle, viz., that in the order of ultimate liability, that of the wrongdoer is primary and that of the insurer is secondary. Furthermore it is held in addition that no equity exists in favor of a wrongdoer, and that he has no property in the proceeds of the insurance. The Galveston Court of Appeals, whose decision herein this court approves, has itself applied the doctrine to accident insurance. Tyler S. E. Railway Co. v. Rashbery, 13 Texas Civ. App., 185. So have other American Courts. Pittsburg C. & St. L. Railway Co. v. Thompson, 56 Ill., 138. Yet the Galveston court did not consider that the rule that in an action for death caused by defendant's negligence, money received by plaintiff from accident insurance held by deceased could not be set off against plaintiff's damages, had any bearing upon the question of the right of subrogation herein contended for. It based its decision upon other grounds.

The court erred in approving the opinion of the Court of Civil Appeals that denied to appellant the right of subrogation claimed by it upon the ground of want of "identity" of loss or damage. Upon considering appellant's motion for rehearing, the court became doubtful of the correctness of its conclusion, and the question being one of first instance and of importance, certified the same to this court.

Nowhere in the books is it laid down that the doctrine of subrogation as applied to an insurer depends upon the identity of the loss or damage. Nor is the reason of the rule based upon the identity of the loss or damage. The question is not whether the loss insured against is identical with the loss occasioned by the wrongdoer nor whether the elements of loss by which the insurer and wrongdoer are respectively liable are the same. But does the loss insured against form any part of the damage caused by the wrongdoer? Does it constitute any one of the elements of his liability? If so, to that extent the insurer, upon payment, pays the debt and liquidates the obligation of the party primarily liable, and to that extent he is entitled to be subrogated to the rights of the owner against such party; for the rule is that when property insured is lost or damaged through the fault or negligence of another in the order of ultimate liability, that of the party through whose fault or negligence the loss was occasioned is primary, and that of the insurer secondary.

The doctrine is bottomed on the fact that the insurance contract is one of indemnity; and the question to be considered when an application of the rule is invoked, is not whether the insurance be fire, marine, life or accident, but whether the contract be one of indemnity. A decision upon the question which leaves this out of consideration fails to reach the root of the matter; neither will it square with the law on the subject as laid down in all the text books and decisions. When the question as to subrogation with reference to fire insurance was first pressed for decision, it was contended that the doctrine applied to marine and not to fire insurance. Hall v. Nashville & C. Railway Co., 13 Wall.,

367. But the court through Justice Strong held the doctrine applicable to fire insurance upon reasoning which has been approved and followed for fifty years, which is quoted in the authorities set out in appellant's brief, and concluded: "There is then no reason for the subrogation of insurers by marine policies to the rights of the assured against a carrier by sea, which does not exist in support of a like subrogation in case of an insurance against fire on land." Our contention here is, the accident not having resulted in death, and being expressly and according to all the books one of indemnity, no reason exists for the subrogation of insurers by policies against fire to the rights of the assured against a carrier which do not exist in support of a like subrogation in case of an insurance against loss of time, the result of an accident. Is this contract one of indemnity? The books say so. 3 Suth. on Dam., sec. 104; 1 Joyce on Ins., sec. 271. If it be one of indemnity, does not the doctrine of subrogation apply? If not, why not?

*A. Morgan Duke* and *N. W. Brooks*, for appellee.—There is no legal distinction between "health insurance" and "acccident insurance," and art. 3071, Rev. Stats., 1895, which makes life and health insurance companies liable for 12 per cent damages and attorney fees in case of failure to pay any loss for which such companies are liable, applies to a loss due on an accident policy issued by such company as well as to a health policy or a life policy. Rev. Stats., arts. 3061 to 3073 inclusive, chap. 3, title 58; Logan v. Fidelity and Casualty Co., 47 S. W. Rep., 948; Aetna Life Insurance Co. v. Hicks, 56 S. W. Rep., 87.

The liability of a railroad company for negligently causing an injury to the person is not the same as that of an accident insurance company which has insured the injured person against the loss of time solely, and such insurance company is not entitled to be subrogated to the rights of the injured party against the railroad company through whose negligence the injury was occasioned.

To give an insurance company, upon the payment by it of its contracted liability for loss of time occasioned by personal injuries, a right to be subrogated to the rights of the insured against the party through whose act the personal injury was done, would be against public policy. Tyler S. E. Railway Co. v. Rasbberry, 13 Texas Civ. App., 185; St. Louis, A. & T. Railway Co. v. Fire Assn. of Philadelphia, 18 S. W. Rep., 43.

OPINION OF COURT OF CIVIL APPEALS.

GARRETT, CHIEF JUSTICE.—This action was brought by J. B. Parker & Co. against the Aetna Life Insurance Company, of Hartford, Conn., to recover of the defendant a stipulated indemnity for injuries received by the insured during the life of a certain policy of accident insurance issued by the company to William Shelvy, and which had been assigned

by the said Shelvy to the plaintiffs; and as a penalty the further sum of 12 per cent of the amount of the indemnity due under said policy and a reasonable attorney fee, which was alleged to be $50; the total amount for which judgment was prayed aggregated $371 and costs. William Shelvy intervened in the suit as plaintiff and alleged that the amount due under the policy had been assigned to the plaintiffs J. B. Parker & Co. to secure an indebtedness to them of $225; he adopted the pleadings of plaintiffs and joined in the prayer for judgment against the defendant, and asked that the balance after deducting the amount due by him to the plaintiffs be directed to be paid to him. The defendant pleaded as a defense to a recovery upon the policy the right of subrogation to the claim of Shelvy against the railway company for damages on account of the injuries for which indemnity was claimed, and its deprivation of the right by the settlement of Shelvy with the railway company and the release of it from all liability for said injury. A demurrer by plaintiffs to so much of the answer as set up this defense was sustained and it was stricken out. Shelvy was injured, as alleged, while in the service of the St. Louis Southwestern Railway Company of Texas, by getting caught in a turntable of said company while cleaning the tank of an engine, and was disabled for twenty-eight weeks and five days, for which time the company was liable to pay him indemnity at the rate of $10 a week, amounting to $287.14. Judgment was rendered in favor of all the plaintiffs as prayed for. Three questions arise upon the record:

1. Does article 3071 of the Revised Statutes, authorizing the recovery of 12 per cent of the loss and an attorney fee as a penalty for failure of the insurance company to pay within the time specified in the policy, apply to accident insurance? Statutes imposing penalties receive a strict construction against the penalty. A very clear distinction is made between life and health and accident companies in the provisions of the Revised Statutes relating to insurance. Article 3071 imposing the penalty is found in chapter 3, title 58, entitled General Provisions, but dealing with foreign insurance companies. Chapter 4 is concerning "home life and accident insurance companies," but contains no provision for a penalty in case of failure to make prompt payment. In the case of Aetna Life Insurance Co. v. Hicks, 56 S. W. Rep., 87, in which this court affirmed a judgment upon an accident policy of insurance for a penalty as provided by art. 3071, Rev. Stats., the question of the applicability of the statute was not raised and its constitutionality only was passed on. The question does not appear ever to have been decided by the Supreme or appellate courts of this State; but the Federal Circuit Court of Appeals for the Fifth Circuit had decided the precise question and held that the statute has no application to accident insurance companies. Fidelity and Casualty Co. of New York v. Dorough, 107 Fed. Rep., 389. The opinion in the case quotes from the statutes and gives reasons for the decision which we think are conclusive of the question. We are of the opinion, therefore,

that the court below erred in adjudging the penalty provided in Rev. Stats., art. 3071, against the defendant.

2. Did the court err in sustaining the plaintiff's demurrer to the answer setting up defendant's right of subrogation to the claim of Shelvy against the railway company and its discharge by reason of the fact that it had been deprived of this right by Shelvy's act in settling with and releasing the railway company from further liability to him? The right of subrogation of the insurer to the claim of the insured for loss or damage to property covered by a policy of fire insurance caused by the negligence of the carrier is well established. 2 May on Ins., sec. 454; Sheldon on Subrog., sec. 229; Wager v. Providence Ins. Co., 150 U. S., 199. But there is an essential distinction between a liability for loss of property which has been insured and that for damages on account of injuries inflicted upon a person by the negligence of another. In the case of the destruction of property by fire in the first instance, the damage or loss which has been caused by the carrier and that indemnified against is identical. It is the value that has been destroyed. But where a person has received personal injuries caused by the negligence of another, several elements enter into the estimate of damages besides the mere stipulated indemnity for loss of time contracted for in the accident policy, and the loss is by no means identical. In the one there may be included full compensation for mental and physical suffering, loss of time, diminished capacity to earn money, etc., and in some instances punitory damages, while the other is a stipulated sum for loss of time only which may or may not be full indemnity even for that. The accident policy undertakes to indemnify the insured whether his injuries are the result of negligence or not, while the person or corporation inflicting the injuries can be held liable only for negligence, and since so many elements enter into the estimate of the loss in the case of one that do not enter into or form any part of the other, there is wanting that identity of damage or loss that would entitle the insurer to subrogation on payment of the claim against him.

3. It remains to consider whether the court erred in admitting in evidence the policy of insurance and in rendering judgment thereon over the objection to it on the ground of variance. The petition described a policy No. 188,695 issued to William Shelvy. The policy introduced in evidence was No. 138,695, issued to William Selvey. The petition declared on an assignment of accident policy No. 188,695 issued to William Shelvy; and the assignment introduced in evidence was of accident policy No. 138,695 by William Shelvy to J. B. Parker. Plaintiff testified that his name was William Shelvy, and that the policy introduced in evidence was the one delivered to him by defendant's agent, and on which he had paid premiums and had transferred to Parker & Co. The judgment correctly describes the policy introduced in evidence. The similarity of the names and numbers, together with the evidence as to the identity of the transaction, leaves no doubt that the policy sued on was the identical one issued to the plaintiff Shelvy

and the defendant could not have been misled by the variance, and if it could not have been misled and the judgment will protect it from another suit the variance is not material. Bank v. Stephenson, 82 Texas, 435.

The judgment of the court below is affirmed except as to penalty of 12 per cent on the amount of the indemnity and the attorney fee, as to which it is reversed, and judgment will be finally rendered here in favor of the plaintiffs for the amount of the indemnity only.

Affirmed in part and reversed in part.

Delivered November 26, 1902.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District have certified for our determination the following questions:

"This action was brought by J. B. Parker & Co. against the Aetna Life Insurance Company of Hartford, Conn., to recover of the defendant a stipulated indemnity for injuries received by the insured during the life of a certain policy of accident insurance issued by the company to William Shelvy and which had been assigned by the said Shelvy to the plaintiffs; and as a penalty the further sums of 12 per cent of the amount of the indemnity due under said policy and a reasonable attorney fee, which was alleged to be $50; the total amount for which judgment was prayed aggregating $371 and costs. William Shelvy intervened in the suit as plaintiff and alleged that the amount due under the policy had been assigned to the plaintiffs J. B. Parker & Co. to secure an indebtedness to them of $225; he adopted the pleadings of plaintiffs and joined in the prayer for judgment against the defendant, and asked that the balance after deducting the amount due by him to the plaintiffs be directed to be paid to him. The defendant pleaded as a defense to a recovery upon the policy the right of subrogation to the claim of Shelvy against the railway company for damages on account of the injuries for which indemnity was claimed, and its deprivation of the right by the settlement of Shelvy with the railway company and the release of it from all liability for said injury. A demurrer by plaintiffs to so much of the answer as set up this defense was sustained and it was stricken out. Shelvy was injured, as alleged, while in the service of the St. Louis Southwestern Railway Company of Texas, by getting caught in a turntable of said company while cleaning the tank of an engine and was disabled for twenty-eight weeks and five days, for which time the company was liable to pay him indemnity at the rate of $10 a week, amounting to $287.14. Judgment was rendered in favor of all the plaintiffs as prayed for.

"1. Does article 3071 of the Revised Statutes, authorizing the recovery of 12 per cent of the loss and an attorney fee as a penalty for failure of the insurance company to pay within the time specified in the policy apply to accident insurance?

"2. Did the court err in sustaining the plaintiffs' demurrer to the

answer setting up defendant's right of subrogation to the claim of Shelvy against the railway company and its discharge by reason of the fact that it had been deprived of this right by Shelvy's act in settling with and releasing the railway company from further liability to him?"

The court have accompanied the certificate with a copy of an opinion in the case delivered by the chief justice, from which it is to be inferred, that after certifying the questions they had affirmed the judgment of the trial court in part and reversed it in part, and a motion for rehearing had been filed.

We are of the opinion that both questions should be answered in the negative. As to the first, the opinion of the Court of Civil Appeals satisfactorily states the grounds upon which our ruling is based.

We also adopt the opinion of that court upon the second question. But in addition to what is there said, we think it is to be observed that so far as the right of subrogation is concerned, accident insurance is more analogous to life insurance than it is to either marine or fire insurance; and it has been held that it does not apply in case of life insurance. Insurance Co. v. Brame, 95 U. S., 754; Connecticut Insurance Co. v. Railway Co., 25 Conn., 265. We think also that the case of Bradburn v. Railway Co. (L. R. 10, Ex. 1) has some bearing upon the question. The point there decided is that "in an action for injuries caused by defendant's negligence, a sum received by the plaintiff on an accidental insurance policy can not be taken into account in reduction of damages."

We have not succeeded in finding any case directly in point.

### CORRECTION OF CLERICAL ERROR.

In our opinion in this case in speaking of the action of the Court of Civil Appeals we inadvertently said, that "*after* certifying the questions they had affirmed the judgment of the trial court in part and reversed it in part," etc. The use of the word "after" is clearly a clerical error. It should have been, "*before* certifying the questions," etc. As the opinion now stands, it leads to the inference that the Court of Civil Appeals had decided the case while the question was pending in this court, which does that court an injustice. We therefore deem it proper to correct our opinion so as to read "before" instead of "after" in the phrase just quoted. It is accordingly so ordered.

Filed March 9, 1903.