ÆTNA LIFE INS. CO. v. OTIS ELEVATOR CO. (No. 7368.)

(Court of Civil Appeals of Texas. Galveston. May 3, 1918. Rehearing Denied May 29, 1918.)

1. MASTER AND SERVANT ☞389—WORKMEN'S COMPENSATION ACT — SUBROGATION OF INSURER—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq, the subrogation clause of the workmen's compensation statute (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz) by its expressed terms not applying to independent or subcontractors on any contract which is merely auxiliary and incidental to, and is not a part of or process in, the trade or business carried on by the subscriber, did not entitle a workman's compensation insurer which paid an award to recover over on any theory of subrogation against the elevator company which was responsible for the accident, which consisted in the death of a painter employed by a subcontractor with a

building contractor who was remodeling and repairing the building used by a mercantile company; such mercantile company and the contractor being the insured parties.

2. PLEADING ☞34(3)—GENERAL DEMURRER— INTENDMENTS.

As against a general demurrer, every reasonable intendment should be indulged in favor of the sufficiency of the petition.

3. MASTER AND SERVANT ☞389—WORKMEN'S COMPENSATION ACT—SUBROGATION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq, only gives the right of subrogation when a cause of action for an injury to an employé caused by a third person has vested in the injured employé.

4. STATUTES ☞176—CONSTRUCTION.

The courts are not authorized to extend the scope and application of a statute merely because there is apparently no reason why the right given in one case should not have been given in other cases.

5. MASTER AND SERVANT ☞388—WORKMEN'S COMPENSATION ACT—CAUSE OF ACTION OF BENEFICIARIES.

Under the workmen's compensation statute the amount which the relatives of an employé who loses his life in the course of his employment are entitled to receive does not come to them by inheritance from the deceased, nor does it become a part of his estate, and the only cause of action which the relatives have is given by the statute, and vests originally in the beneficiaries named in the statute.

6. MASTER AND SERVANT ☞389—WORKMEN'S COMPENSATION ACT — INSURER'S RIGHT OF SUBROGATION.

An elevator company which caused the death of an employé of a subcontractor painting the store building of a merchandise company, which gave the work of remodeling and repairing the building to an independent contractor, not having become liable to the deceased employé for any sum under the workmen's compensation statute, no right of subrogation against the elevator company is given by Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq, to the insurer of the merchandise company and the independent contractor, which paid an award for the death.

7. MASTER AND SERVANT ☞389—WORKMEN'S COMPENSATION ACT—SUBROGATION OF INSURER.

The right of equitable subrogation exists in favor of a fire insurance company which has paid for loss occasioned by the negligence of third persons, but no such right exists in favor of a workmen's compensation insurer, despite the fact that premiums for such insurance are not paid directly by the employés.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by the Ætna Life Insurance Company against the Otis Elevator Company. From judgment of dismissal, plaintiff appeals. Affirmed.

C. R. Wharton, of Houston, for appellant. Lassiter & Harrison and Robt. M. Rowland, all of Ft. Worth, and John Charles Harris, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against the appellee to recover the sum of $3,408.79, the amount paid by appellant under a policy of insurance issued by it under the workmen's compensation statute of this state in favor of Garbade-Eiband & Co. of Galveston. This amount was paid by ap-

pellant to the beneficiaries of a workman employed by a subcontractor who was engaged in painting the store building of the said firm of Garbade-Eiband & Co., said employé having been killed through the alleged negligence of appellee while engaged in performing the duties of his employment, and being protected by the insurance policy issued by appellant as aforesaid.

The trial court sustained a general demurrer to plaintiff's petition, and, plaintiff declining to amend, the suit was dismissed.

We copy from appellant's brief the following statement of the substance of the allegations of the petition:

"That in September, 1914, plaintiff executed and delivered to Garbade-Eiband & Co., of Galveston, Tex., a policy of workmen's compensation insurance, by the terms of which it insured and guaranteed said Garbade-Eiband & Co., and William H. Jannsen, contractor, employed by Garbade, Eibank & Co., against such claims as might be made by employés of the Garbade-Eiband & Co. and William H. Jannsen under the workmen's compensation statute of the state of Texas, while engaged in building, repairing, and constructing a certain building in the city of Galveston used and to be used by said Garbade-Eiband & Co. as a store in which to carry on their business as merchants; that the said Garbade-Eiband & Co. became subscribers under the Workmen's Compensation Law, as provided by our compensation statute, and having procured said policy of insurance with the plaintiff herein, the plaintiff Ætna Life Insurance Company became the association, as that term is used in the workmen's compensation statute of the state of Texas, and especially as that term is used in section 6, pt. 2, of said compensation statute; that said William H. Jannsen was employed as an independent contractor for the purpose of doing the work of rebuilding and repairing the building for Garbade-Eiband & Co.; that in October, 1914, Garbade-Eiband & Co. entered into a contract with the Otis Elevator Company, an independent contractor, by the terms of which said Otis Elevator Company agreed to install certain elevators in the building under construction, and to furnish employés and material for elevators and do all the work necessary to assembling, installation and completion of the elevators ready for use; that in or about this date the said Jannsen, contractor, contracted orally with one Thomas E. Davis, a painter, to employ certain painters and to do the painting necessary to be done upon said construction work, and the said Davis employed one Ernest E. Gillette, who at the time hereinafter mentioned was working upon said building.

"The plaintiff avers that in October, 1914, while the building was in process of construction, the said William H. Jannsen, contractor for Garbade-Eiband & Co., had various employés and subcontractors and their employés at work upon the building, doing the things necessary to effect its completion, and one of these subcontractors was said Davis, the painter, and one of these employés was Ernest E. Gillette, who was employed and engaged in doing the work of painting the building; that said Gillette had been assigned by said Davis to do the particular work of painting certain windows in one of the elevator shafts, and was at the time of his death engaged in doing this particular work."

Facts are then alleged showing that the injury and death of Gillette was caused by the negligence of an employé of appellee for which negligence appellee was liable. The petition then proceeds as follows:

"The plaintiff avers that under the requirements of the workmen's compensation laws of the state of Texas it became bound and compelled to pay to the surviving relatives of said Gillette the total sum of $4,752; that it would have been required to pay this sum in installments of so much per week, but it availed itself of the right to make a lump sum settlement, and under appropriate orders from the Industrial Accident Board of the state of Texas had fully liquidated the claim by paying $3,408.79.

"The plaintiff avers that under the statutes and laws and decisions of the state of Texas the Otis Elevator Company was liable to said Gillette for the injuries which he received, and became liable upon his death, which resulted from the negligence aforesaid, to pay for the benefit of his estate and to his heirs and legal representatives damages for the injuries inflicted upon said Gillette and for having negligently caused his death. Therefore the plaintiff herein is entitled to recover indemnity from the Otis Elevator Company because of the wrongful negligence of the Otis Elevator Company aforesaid, and therefore the plaintiff herein is, under the Texas workmen's compensation statute aforesaid, entitled to recover the amount of compensation which it paid because of the death of said Gillette.

"The plaintiff further avers that the policy of insurance which it issued to Garbade-Eiband & Co. and Jannsen stipulated, among other things, that the plaintiff, Ætna Life Insurance Company, should be subrogated to all rights which the assured, Garbade-Eiband & Co. or Jannsen might have against any person, partnership, corporation, or estate as respects any payment made under said policy; and the plaintiff avers that, independent of the workmen's compensation statute of the state of Texas, and the subrogation created thereby in section 6, pt. 2, aforesaid, the Otis Elevator Company became and was at common law and in equity liable to Garbade-Eiband & Co. and Jannsen for such damages, loss, and injuries as said Garbade-Eiband & Co. and Jannsen sustained on account of the negligence of its employé Green, and became liable to pay the said Garbade-Eiband & Co. and Jannsen any sums of money that said company and Jannsen might become liable for and might have to pay to any other person or persons on account of the negligence of said Green; that because of the subrogation clause in the policy between the plaintiff and the said Garbade-Eiband & Co. and Jannsen above referred to the plaintiff has succeeded to all of the rights and privileges of the said Garbade-Eiband & Co. and Jannsen against the Otis Elevator Company, and is subrogated to such rights, privileges and remedies as the said Garbade-Eiband & Co. and Jannsen had and have against the Otis Elevator Company, because of the negligence of the said Green, and the plaintiff prays judgment for the amount paid in settlement to Gillette's estate, $3,408.79, and interest."

[1, 2] Under its first assignment of error appellant contends that the court erred in sustaining defendant's general demurrer to plaintiff's petition, because the facts alleged in the petition entitle plaintiff to recover against the defendant under the subrogation clause of the workmen's compensation statute of this state. The statute referred to in the assignment is article 5246qq of Vernon's Sayles' Civil Statutes, and is as follows:

"If a subscriber enters into a contract, written or oral, with an independent contractor, to do such subscriber's work, or if a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work was executed by employés immediately employed by the subscriber, be liable to pay compensation under this act to

such employés, the association shall pay to such employés any compensation which would be payable to them under this act if the independent or subcontractor were subscribers. The association shall, however, be entitled to recover indemnity from any other persons who would have been liable to such employés independently of this section, and if the association has paid compensation under the terms of this section, it may enforce in the name of the employés, or in its own name and for its own benefit the liability of such other persons. This section shall not apply to independent or subcontractors on any contract which is merely auxiliary and incidental to, and is no part of or process in, the trade or business carried on by the subscriber."

By the express terms of this statute it does not apply "to independent or subcontractors on any contract which is merely auxiliary and incidental to, and is not a part of or process in, the trade or business carried on by the subscriber." The petition discloses that Garbade-Eiband & Co., to whom the insurance policy was issued, and who, it is alleged, were the subscribers as that term is used in the workmen's compensation statute, were engaged in the mercantile business in the city of Galveston. The trade or business of the independent contractor, Jannsen, was that of a contractor and builder, and the subcontractor, Davis, was a contractor and painter. We think it clear that neither the contract between the subscribers and the independent contractor nor that between the independent and subcontractor was "a part of or process in the trade or business carried on by the subscriber, Garbade-Eiband & Co., but was merely auxiliary and incidental thereto. It certainly cannot be contended with any show of reason that remodeling, repairing, and painting a store building is a part of or process in the trade of buying and selling goods and merchandise, and is not merely auxiliary and incidental thereto. If Jannsen was not a "subscriber" under the provisions of the workmen's compensation statute, Gillette, the employé of the subcontractor, Davis, was not entitled to receive compensation from appellant for the injuries received by him, nor were his heirs or beneficiaries entitled thereto. The petition alleges that Gillette's beneficiaries were entitled to such compensation, and it may be that under the rule that, as against a general demurrer, every reasonable intendment should be indulged in favor of the sufficiency of the petition, that this allegation considered by itself should be construed as including the allegation that Jannsen was a subscriber, but this intendment cannot be indulged in the face of the direct and positive allegation that the policy was issued to Garbade-Eiband & Co., and that they became the subscribers.

[3, 4] It is further to be observed that the statute which we have quoted above only gives the right of subrogation when a cause of action for an injury to an employé caused by a third person has vested in the injured employé. This is not giving the right of subrogation to a cause of action accruing under the compensation statute to the beneficiaries of an employé who has been killed by the negligence of a third person. We can see no reason why the statute should not have conferred the right as well in the one case as in the other, but the fact remains that it has not done so, and the courts are not authorized to extend the scope and application of the statute merely because there is apparently no reason why the right given in the case named therein should not have been given in other cases. Turner v. Eddy & Cross, Receivers, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262.

[5] Under the workmen's compensation statute the amount which the relatives of an employé who loses his life in the course of his employment are entitled to receive does not come to them by inheritance from the deceased, nor does it become a part of the deceased's estate, and the only cause of action which the relatives have is given by the statute, and vests originally in the beneficiaries named in the statute.

[6] The appellee not having become liable to Gillette for any sum, no right of subrogation is given by this statute, and appellant cannot enforce against appellee in "Gillette's name" or "in its own name" a liability which never existed in favor of Gillette.

[7] By its second assignment of error appellant contends that, independent of the statute, it had the right of subrogation in equity. It is settled by decisions that the right of equitable subrogation exists in favor of a fire insurance company who has paid for loss occasioned by the negligence of third persons, and that no such right exists in favor of a life or accident insurance company. Insurance Co. v. Easton, 73 Tex. 167, 11 S. W. 180, 3 L. R. A. 424; Wood v. Railway, 15 Tex. Civ. App. 322, 40 S. W. 24; Railway Co. v. Insurance Co., 84 Tex. 152, 19 S. W. 459; Ætna Life Ins. Co. v. Parker, 96 Tex. 287, 72 S. W. 168, 580, 621.

It seems to us that the insurance provided under the workmen's compensation statute is purely accident insurance, and the mere fact that premiums for such insurance are not paid directly by the employés should not have the effect of giving an equitable right of subrogation to the insurance company when no such right exists in other species of accident insurance.

For the reasons indicated, we think the trial court did not err in sustaining the general demurrer, and the judgment must be affirmed.

Affirmed.