AETNA LIFE INSURANCE COMPANY v. J. B. PARKER & CO. ET AL.

Decided November 27, 1902.

**1.—Accident Insurance—Penalty—Statute Construed.**

The provision of the statute authorizing the recovery of 12 per cent of the loss and an attorney fee as a penalty for failure of the insurance company to pay within the time specified in the policy, is held not to apply, as to the penalty to accident insurance, since statutes imposing penalties are to receive a strict construction. Rev. Stats., art. 3071.

**2.—Same—Subrogation.**

Where an accident insurance company pays a loss, suffered by reason of personal injury received while the insured was in the railroad service, it is not subrogated to his right to claim damages against the railroad company.

**3.—Variance—Insurance Policy.**

Plaintiff's petition described a policy No. 188,695, issued to William Shelby, and the policy put in evidence was No. 138,695, issued to William Selvey. Plaintiff's name was William Shelvy, and the evidence as to the identity of the transactions left no doubt that the policy sued on was the identical one issued to plaintiff, and the judgment correctly described the policy in evidence. Held, that there was no material variance, since the defendant was not misled by the discrepancies, and the judgment will protect him from another suit.

Appeal from the County Court of Smith County. Tried below before Hon. Geo. W. Cross.

*Harry P. Lawther,* for appellant.

*A. Morgan Duke* and *N. W. Brooks,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by J. B. Parker & Co. against the Aetna Life Insurance Company of Hartford, Conn., to recover of the defendant a stipulated indemnity for injuries received by the insured during the life of a certain policy of accident insurance issued by the company to William Shelvy and which had been assigned by the said Shelvy to the plaintiffs; and as a penalty the further sums of 12 per cent of the amount of the indemnity due under said policy and a reasonable attorney fee which was alleged to be $50; the total amount for which judgment was prayed aggregated $371 and costs. William Shelvy intervened in the suit as plaintiff, and alleged that the amount due under the policy had been assigned to the plaintiffs J. B. Parker & Co. to secure an indebtedness to them of $225; he adopted the pleadings of plaintiffs and joined in the prayer for judgment against the defendant, and asked that the balance after deducting the amount due by him to the plaintiffs be directed to be paid to him. The defendant pleaded as a defense to a recovery upon the policy the right of subrogation to the claim of Shelvy against the railway company for damages on account of the injuries for which indemnity was claimed, and its deprivation of the right by the settlement of Shelvy with the railway company and the release of it from all liability for said injury. A demurrer by plaintiffs to so much of the answer

as set up this defense was sustained and it was stricken out. Shelvy was injured as alleged while in the service of the St. Louis Southwestern Railway Company of Texas, by getting caught in a turntable of said company while cleaning the tank of an engine, and was disabled for twenty-eight weeks and five days, for which time the company was liable to pay him indemnity at the rate of $10 a week, amounting to $287.14. Judgment was rendered in favor of all the plaintiffs as prayed for.

Three questions arise upon the record:

1. Does article 3071 of the Revised Statutes, authorizing the recovery of 12 per cent of the loss and an attorney fee. as a penalty for failure of the insurance company to pay within the time specified in the policy, apply to accident insurance? Statutes imposing penalties receive a strict construction against the penalty. A very clear distinction is made between life and health and accident companies in the provisions of the Revised Statutes relating to insurance. Article 3071 imposing the penalty is found in chapter 3, title 58, entitled General Provisions, but dealing with foreign insurance companies. Chapter 4 is concerning "home, life and accident insurance companies," but contains no provision for a penalty in case of failure to make prompt payment. In the' case of Aetna Life Insurance Company v. Hicks, 56 Southwestern Reporter, 87, in which this court affirmed a judgment upon an accident policy of insurance for a penalty as provided by article 3071, Revised Statutes, the question of the applicability of the statute was not raised and its constitutionality only was passed on. The question does not appear ever to have been decided by the Supreme or appellate courts of this State; but the Federal Circuit Court of Appeals for the Fifth Circuit had decided the precise question and held that the statute has no application to accident insurance companies. Fidelity and Casualty Co. of New York v. Dorough, 107 Fed. Rep., 389. The opinion in the case quotes from the statutes and gives reasons for the decision which we think are conclusive of the question. We are of the opinion therefore that the court below erred in adjudging the penalty provided in Revised Statutes, article 3071, against the defendant.

2. Did the court err in sustaining the plaintiff's demurrer to the answer setting up defendant's right of subrogation to the claim of Shelvy against the railway company and its discharge by reason of the fact that it had been deprived of this right by Shelvy's act in settling with and releasing the railway company from further liability to him? The right of subrogation of the insurer to the claim of the insured for loss or damage to property covered by a policy of fire insurance caused by the negligence of the carrier is well established. 2 May on Ins., sec. 454; Sheldon on Subrogation, sec. 229; Wagner v. Insurance Co., 150 U. S., 199. But there is an essential distinction between a liability for loss of property which has been insured and that for damages on account of injuries inflicted upon a person by the negligence of another. In the case of the destruction of property by fire in the

first instance the damage or loss which has been caused by the carrier and that indemnified against is identical. It is the value that has been destroyed. But where a person has received personal injuries caused by the negligence of another, several elements enter into the estimate of damages besides the mere stipulated indemnity for loss of time contracted for in the accident policy, and the loss is by no means identical. In the one there may be included full compensation for mental and physical suffering, loss of time, diminished capacity to earn money, etc., and in some instances punitory damages, while the other is a stipulated sum for loss of time only, which may or may not be full indemnity even for that. The accident policy undertakes to indemnify the insured whether his injuries are the result of negligence or not, while the person or corporation inflicting the injuries can be held liable only for negligence, and since so many elements enter into the estimate of the loss in the case of one that do not enter into or form any part of the other, there is wanting that identity of damage or loss that would entitle the insurer to subrogation on payment of the claim against him.

3. It remains to consider whether the court erred in admitting in evidence the policy of insurance and in rendering judgment thereon over the objection to it on the ground of variance. The petition described a policy No. 188,695 issued to William Shelby. The policy introduced in evidence was No. 138,695, issued to William Selvey. The petition declared an assignment of accident policy No. 188,695 issued to William Shelby; and the assignment introduced in evidence was of accident policy No. 138,695 by William Shelvy to J. B. Parker. Plaintiff testified that his name was William Shelvy, and that the policy introduced in evidence was the one delivered to him by defendant's agent, and on which he had paid premiums and had transferred to Parker & Co. The judgment correctly describes the policy introduced in evidence. The similarity of the names and numbers together with the evidence as to the identity of the transaction leaves no doubt that the policy sued on was the identical one issued to the plaintiff Shelvy, and the defendant could not have been misled by the variance, and if it could not have been misled and the judgment will protect it from another suit, the variance is not material. Bank v. Stephenson, 82 Texas, 435.

The judgment of the court below is affirmed except as to penalty of 12 per cent on the amount of the indemnity and the attorney fee, as to which it is reversed and judgment will be finally rendered here in favor of the plaintiffs for the amount of the indemnity only.

*Affirmed in part; reversed in part.*