GATZWEILER, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*May 9—June 5, 1908.*

*Accident insurance: Investment contract: Injury caused by negligence: Subrogation of insurer: Parties.*

In the absence of any provision expressly making a policy of accident insurance an indemnity contract it is to be regarded as an investment contract in which the only parties concerned are the insurer and the insured or the beneficiary. Upon payment under such contract on account of an injury sustained by the insured the insurer does not become subrogated *pro tanto* to the right of the insured to recover from one who wrongfully caused the injury, and is not a necessary party to the action for such recovery.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover for a personal injury claimed to have been produced by defendant's negligence. The complaint stated facts sufficient to constitute a cause of action. Defendant answered in abatement that plaintiff when he was injured was possessed of a policy of accident insurance or contract to indemnify him against such injuries as the one in question, and that pursuant thereto before the action was commenced he received from the insurance company $2,500 on account of his injury, and that by reason thereof said company became subrogated to plaintiff's right of action against the defendant to the extent of said $2,500, and so interested on that account in the subject of the action that it cannot properly proceed without its presence as a party to the litigation.

Plaintiff demurred to the answer for insufficiency and the demurrer was sustained. Defendant appealed.

The cause was submitted for the appellant on the brief of *Clarke M. Rosecrantz,* and for the respondent on that of *Sheridan & Wollaeger* and *Webb & Webb.*

MARSHALL, J. The appeal presents the question of whether the rule that when an insurance company has been compelled to pay or has paid a loss covered by its policy, it is thereby subrogated to the rights of the insured to the extent of such payment against a third person who wrongfully caused the loss, applies to a payment made by an accident insurance company on its policy to a person wrongfully injured by another. The rule in case of fire insurance risks is well settled. *Swarthout v. C. & N. W. R. Co.* 49 Wis. 625, 6 N. W. 314; *Hustisford F. Mut. Ins. Co. v. C., M. & St. P.. R. Co.* 66 Wis. 58, 28 N. W. 64; *Wunderlich v. C. & N. W. R. Co.* 93 Wis. 132, 66 N. W. 1144. It must be conceded that if under such rule the insurance company in

question by equitable assignment succeeded to the right of
the plaintiff against the defendant to the amount paid by it,
it is a necessary party to the litigation and the demurrer
should have been sustained. *Pratt v. Radford,* 52 Wis. 114,
8 N. W. 606; *Wunderlich v. C. & N. W. R. Co., supra;*
*Allen v. C. & N. W. R. Co.* 94 Wis. 93, 68 N. W. 873;
*Sims v. Mut. F. Ins. Co.* 101 Wis. 586, 77 N. W. 908.

The general effect of the cases cited is that upon payment
by an insurance company to another on its contract of fire
insurance on account of a loss caused by a third person, in
case of its only partially repairing the damage suffered by
such other, it becomes by equitable assignment the owner,
*pro tanto,* of the claim of such other against such person and
both parties interested are necessary to an action to enforce
payment of compensation by such person, and in case the
payment is a full legal equivalent for the injury, the entire
claim of such other by such assignment passes to the insur-
ance company, leaving the former no cause of action against
such person.

The doctrine aforesaid is based on the theory that in a con-
tract of fire insurance the company is a surety, and so upon
the general equitable principles of subrogation when it, as
indemnitor, pays a loss caused by the negligence of a third
person its relation with such person is that of surety and
principal obligor. It has all the rights against the latter
which the principal creditor, so to speak, formerly had. The
insured has one claim which he can enforce against either
party, but he can have but one satisfaction, and the party pri-
marily liable is relievable only by assuming the burden.

The right of the insurance company in the circumstances
suggested, as stated by text-writers,

"is based upon the equitable doctrine that where one has been
obliged to pay money to another by the nonfeasance or mis-
feasance of a third, who, being at fault, ought to bear the
loss, the party so paying, as by his direct obligation towards

the party suffering the loss he may be compelled to do, shall be allowed, indirectly and through the right which the injured party had, to compel the wrongdoer to bear the burden which was imposed by his fault; although between him and the wrongdoer there is no direct relation upon which to found a cause of action." 2 May, Ins. (4th ed.) § 454.

Counsel for appellant, though manifestly having made a careful study of the subject, has been unable to produce any authority for extending the principle stated to injuries to the person caused by wrongful conduct of another, where the person injured holds a policy of casualty insurance in whole or in part covering the loss.

The case seems to turn on whether a contract of casualty insurance is one of indemnity like that of fire insurance. While there is some conflict, by the great weight of authority a life insurance contract is not of that kind but is strictly a valued policy; a stipulation to pay a sum certain upon the happening of a specified contingency. Bacon, Ben. Soc. & Life Ins. § 163; Joyce, Ins. § 26; *Scott v. Dickson,* 108 Pa. St. 6; *Emerick v. Coakley,* 35 Md. 188. Under such a policy the amount payable has no necessary relation to damages actually suffered by the beneficiary. The insured buys and pays for the right to have from another a specified sum upon the happening of a specified event. Payment for the insurance is in the nature of an investment. The money value of the thing covered by the insurance does not enter into the transaction at all.

A policy of casualty insurance, ordinarily, has much the same features as one of life insurance, though, it is true, it more nearly than one of life insurance has the indemnity feature. The amount stipulated to be paid is a fixed sum as to each particular injury specified or is computable without any such definite data as in case of the loss of property.

Our attention has been called to cases where it has been held that though no actual loss is suffered or the loss is par-

tially repaired by voluntary contributions of a friendly or charitable nature, as in *Globe Acc. Ins. Co. v. Helwig,* 13 Ind. App. 539, 41 N. E. 976; *Hart v. Nat. M. Acc. Asso.* 105 Iowa, 717, 75 N. W. 508, and *Evansville & T. H. R. Co. v. Holcomb,* 9 Ind. App. 198, 36 N. E. 39, such reparation does not inure to the benefit of any party liable for the loss. The principle thereof does not seem to apply to a situation where the payment is by one liable for the damage. In the latter case there is good reason for applying the doctrine of subrogation, while in the former there is none whatever. So such cases are not helpful in reaching a right conclusion as to the one in hand.

Counsel for appellant recognizes that in *Ætna L. Ins. Co. v. Parker & Co.* 30 Tex. Civ. App. 521, 72 S. W. 621, the general question we have here was decided adversely to his contention, but argues that the logic of the opinion upon which the decision rests is unsound. Such decision was approved by the supreme court of Texas, as indicated by counsel for respondent. 96 Tex. 287, 72 S. W. 168, 580, 621. The court reasoned that casualty insurance is more like life than like fire insurance and that it should be classed with the former rather than with the latter as to the right of subrogation, because in case of casualty insurance the right of the assured is not determinable by any definite rule for computing the money equivalent for the damages, as in case of fire insurance; that the right to recover the stated or other sum is a property right bought and paid for by the assured as in case of life insurance, not a mere right to indemnity for a definitely ascertainable pecuniary loss. If it be true that in the absence of some stipulation to the contrary a contract of casualty insurance is not for the reasons stated by the Texas court one of indemnity giving rise in the circumstances of this case to the right of subrogation as against the party wrongfully causing the injury, and yet the parties might give it that character by a stipulation to that effect, so far as we can discover there was no such stipulation in the contract in ques-

tion.  It is alleged in the answer that the respondent "at the time he was injured held a policy of insurance or contract of indemnity against personal bodily injury," etc., and "that he recovered $2,500 for the injury in question pursuant to such contract," though it is quite plain that what is pleaded as to the policy being a contract of indemnity is not based on any stipulation therein to that effect, but is the pleader's idea of the legal effect of a policy of casualty insurance.  We are not inclined to adopt counsel's view, but rather to hold that such a policy is an investment contract giving to the owner or beneficiary an absolute right, independent of the right against any third party responsible for the injury covered by the policy; that if such a company desires protection against loss caused by the wrongs of third persons who would ordinarily be liable they must do so by the contracts they make; that in the absence of a feature expressly making the policy of insurance an indemnity contract, it should not be regarded as such, but held to be an investment contract in which the only parties concerned are the insurer and the assured or the beneficiary.  It follows that the order sustaining the demurrer must be affirmed.

*By the Court.*—So ordered.