(156 App. Div. 435.)

**SUTTLES v. RAILWAY MAIL ASS'N.**

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

1. INSURANCE (§ 532*)—ACCIDENT INSURANCE—CONSTRUCTION OF POLICY.

The nomenclature used in a policy of accident insurance does not affect the substance of the contract, nor change its legal effect; so that the fact that the policy speaks of payments for loss of time as "indemnity" does not render the policy a mere contract for indemnity, so as to preclude recovery thereon where the insured has recovered in an action against the tort-feasor.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1319; Dec. Dig. § 532.*]

2. INSURANCE (§ 606*)—SUBROGATION—ACCIDENT INSURANCE.

Where an accident insurance policy provides for the payment to the insured of a specified sum per week "for loss of time resulting from bodily injuries," the loss of the insured is not the same loss as that for which he may recover damages in an action against a railway company for negligently causing his injuries; and the insurance company is not entitled to subrogation to that claim, even though the policy is a contract of indemnity.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

3. INSURANCE (§ 124*)—ACCIDENT INSURANCE—NATURE OF CONTRACT.

A contract for accident insurance is an investment, not an indemnity contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 172, 178; Dec. Dig. § 124.*]

Appeal from Trial Term, Monroe County.

Action by Edgar N. Suttles against the Railway Mail Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Hiram Wooden and H. Bradley Carroll, both of Rochester, for appellant.

Walter I. Scott, of Rochester, for respondent.

ROBSON, J. Defendant has been cast in damages for the breach of an agreement with plaintiff which provided, for a good consideration therein expressed, that, if plaintiff should receive bodily injuries during the continuance of the certificate, issued by it to him, through external violent and accidental means, which should wholly and continuously disable him from following the occupation of a railway postal clerk, he should be entitled to receive from defendant's benefit fund a sum not exceeding $15 per week "for loss of time resulting from bodily injuries effected through the means aforesaid." The single point made by appellant is that, although the defendant may have been proved to be otherwise liable, yet as it was not on the trial permitted to assert and prove as a defense to the action the fact that plaintiff had already received in full settlement of an action which he had theretofore brought against the railroad company, which he alleged negligently caused the injury, a sum considerably in excess of

the amount of his claim against this defendant, and had thereupon given the railroad company a general release of his claim, reversible error was committed, and a new trial must be had.

[1] Defendant claims that this accident insurance contract is, like contracts for fire or marine insurance, one of indemnity only, and that, if liability to pay thereon arose by reason of injury occasioned by the negligent act of a third person, it would, on payment of the amount required by its contract, be entitled to be subrogated to the extent of such payment to any right of action for the loss or injury which plaintiff had originally against the wrongdoer who caused it. It is true that this stipulated sum which plaintiff seeks to recover in this action is later in the insurance certificate referred to as a weekly indemnity. But this use of the term "indemnity" as the correspondent or equivalent of a payment under the contract can mean no more than that such payment is to be regarded as compensation for the damage to plaintiff's insurable interest, which the defendant by its contract agrees to pay at the rate and to the amount stated in the certificate. Calling the payments an indemnity is a mere matter of nomenclature, and does not affect the substance of the contract, nor change its legal effect. Appellant's counsel does not question this, for he says:

"Although the policy here refers to the sum payable as weekly indemnity, what the parties choose to call it is not determinative of the nature of the contract."

[2] The question is, then: Is this contract for accident insurance one for indemnity only? The theory and basis of the right of the insurer to subrogation is that the insured has a claim against a third person, which he could enforce for the loss insured against. But, although the assured may be able to recoup his loss, partially or in full, by enforcing some contract, or other right, he may have, which is not dependent upon the direct responsibility of such person for the loss insured against, that fact does not clothe the insurer with the right of subrogation thereto, at least in the absence of an agreement in the policy to that effect. Even in fire insurance contracts, recognized, as they are, to be indemnity contracts, it does not follow in all cases where there has been a loss that the insurer is entitled to be subrogated to every means available to the insured for recouping his loss. Examples of such cases are Foley v. Manufacturers' Ins. Co., 152 N. Y. 131, 46 N. E. 318, 43 L. R. A. 664; Michael v. Prussian Nat. Ins. Co., 171 N. Y. 25, 63 N. E. 810. These cases illustrate and apply the principle, as to the right of subrogation, which I have sought to state above.

It follows that, treating defendant's contract liability as that of an indemnitor, if the loss insured against is not the same loss for which plaintiff had a right of action against the wrongdoer, defendant had no right of subrogation to such claim. Referring again to the certificate of insurance issued to plaintiff, it will be seen that defendant in terms insured him for total disability due to bodily injuries caused by external violent and accidental means by reason of which he might be prevented from performing his duties as mail clerk. Under the express terms of his contract plaintiff was entitled to recover, at the

rate fixed, for the disability resulting in loss of time, regardless of the pecuniary loss he might sustain. It was not the loss of earning capacity, loss of wages, nor the pain or personal disfigurement resulting from the injury, nor necessary expenses for medical or hospital attendance, that were to be covered by the insurance. Though his wages might continue, as they did in this case, to be paid by his employer during the period of his disability, though the pain or personal disfigurement might have been much or little, though the bills for hospital and medical service might have been large, or, on the other hand, merely nominal, yet, if such disability resulted in continuous loss of time, the contract required payment of the stipulated weekly sum. But it is these very matters, that are not within the contract of insurance, which are the basis of an award of damages against the negligent author of the injury. For that reason it would seem that defendant had no right of subrogation to plaintiff's claim against the wrongdoer.

[3] But we are further of the opinion that an accident insurance contract is not an indemnity contract. As was written in Gatzweiler v. Milwaukee Electric Ry. & L. Co., 136 Wis. 34, 116 N. W. 633, in which case the court was concerned in determining the quality of a similar contract for accident insurance:

"A policy of casualty insurance, ordinarily, has much the same features as one of life insurance, though, it is true, it more nearly than one of life insurance has the indemnity feature. The amount stipulated to be paid is a fixed sum as to each particular injury specified, or is computable without any such definite data, as in the case of the loss of property."

The opinion concludes:

"That such a policy is an investment contract, giving to the owner or beneficiary an absolute right, independent of the right against any third party responsible for the injury covered by the policy; that if such a company desires protection against loss caused by the wrongs of a third person, who would ordinarily be liable, they must do so by the contracts they make; that, in the absence of a feature expressly making the policy of insurance an indemnity contract, it should not be regarded as such, but held to be an investment contract, in which the only parties concerned are the insurer and the assured or the beneficiary."

In the opinion in the foregoing case Ætna Life Ins. Co. v. Parker & Co., 96 Tex. 287, 72 S. W. 168, 580, 621, is cited and followed. In the latter case the Texas Supreme Court adopted the opinion of the lower court (30 Tex. Civ. App. 521, 72 S. W. 621), and in addition said upon this point:

"That so far as the right of subrogation is concerned accident insurance is more analogous to life insurance than it is to either fire or marine insurance; and it has been held that it does not apply in case of life insurance"— citing Bradburn v. Great Western Ry. Co., L. R. 10 Ex. 1; s. c., 23 Weekly Rep. 48.

In the case last cited it is said:

"If a man is injured on a railway through the company's negligence, he is not to have less because he has insured himself against accident. He pays his premiums in order to get back an equivalent; and if he is liable to have the amount of his insurance deducted, he loses the benefit of the premiums paid. It is said that he is only actually damaged beyond the amount of the

insurance; but according to Dalby v. India & London Assurance Company, 3 W. R. 116, 15 C. B. 364, insurance is not a contract of indemnity. The plaintiff is entitled to both the insurance money and compensation. He gets his insurance money under a contract as a quid pro quo, having paid his premiums for it; and he is entitled besides to compensation from the company for the legal injury they have committed."

The application to have the verdict recovered against the railway company because of personal injuries through the company's negligence reduced by the amount theretofore recovered by plaintiff on a contract for accident insurance was denied. It is true that the case last referred to did not involve the determination of the same question now before us; but the opinion clearly indicates that a contract for accident insurance was considered by the court, not as an indemnity contract, but, like life insurance, as one of investment only. The case cited in the opinion supra is the case which finally determined that a policy of life insurance is an investment, and not an indemnity contract. Other cases might be cited, containing similar expressions of opinion, though decision of the question we are now considering was not directly involved.

Our attention has not been called to any case deciding that accident insurance is an indemnity contract. Some general statements to that effect have been made by text-writers, but they do not seem to be supported by authority. Some expressions found in the opinion in Travelers' Ins. Co. v. Great Lakes Engineering Works Co., 184 Fed. 426, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60, are pointed to by appellant's counsel as indicating that accident insurance is a contract of that kind. But the court in that case was considering an employer's liability policy, and these expressions were obiter.

The judgment and order should be affirmed, with costs. All concur.