McAdow v. Railway Co.

No. 19,672.

GEORGE B. McADOW, *Appellant*, V. THE KANSAS CITY WESTERN RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. DAMAGES — *Railroad Accident — Contract for Indemnity — Evidence Sufficient as against Demurrer.* The evidence examined and held sufficient to take to the jury the question whether a railway company had contracted with an employee to pay him half wages during any disability resulting from an injury received in the course of his service.

2. SAME—*Action on Contract Not Barred by Judgment for Negligence.* An action by an employee to recover upon a contract that he should receive half wages during disability resulting from an injury occurring in the course of his service is not barred by a judgment in his favor for damages on account of the same injury based on the theory that it was the result of his employer's negligence.

3. SAME—*Railroad Has Power to Make Indemnity Contract.* A railroad corporation has incidental power to contract with its own employees to pay them half wages during disability resulting from service accidents.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed October 9, 1915. Reversed.

*J. O. Emerson, David J. Smith,* both of Kansas City, *John H. Atwood,* and *Oscar S. Hill,* both of Kansas City, Mo., for the appellant.

*C. F. Hutchings,* and *McCabe Moore,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: G. B. McAdow brought an action against the Kansas City Western Railway Company upon an oral contract of insurance which he alleged had been made at the time of his employment as a motorman, by which the company agreed, in consideration of fifty cents a month being deducted from his pay, that if he should be injured in its service he should receive half wages during the time (not exceeding a year) of his resulting disability. At the conclusion of the evidence the court directed a verdict for the defendant, and a judgment was rendered accordingly, from which the plaintiff appeals.

That the plaintiff was disabled for a time by an injury received in December, 1911, in the course of his employment, was not contested. The defendant maintains that the decision was justified upon the ground that the evidence conclusively showed that its contract with the plaintiff was that the fifty cents a month referred to should be used to pay for accident insurance to be procured to the amount stated from a company in that business, the plaintiff's claim in the event of an injury to be against the corporation issuing the policy; that a similar amount was deducted from the wages of all employees and used for that purpose, the insurance company in case of an injury making payment to the railway company, which turned the money over to the person injured. The suggestion is also made that the action was barred by a judgment for $7500 which the plaintiff had already obtained against the defendant on account of the same injury, on the theory that it was due to his employer's negligence.

The oral evidence as to the character of the contract was conflicting. The plaintiff's version was supported by his testimony, and the defendant's by that of its superintendent. No written contract of insurance of any character was produced. Two circumstances are relied upon by the defendant as establishing its contention in this regard by the evidence of the plaintiff himself. In 1908 he received a minor injury, as a result of which he was paid $8.40 in virtue of the arrangement regarding the insurance. The payment was made to him by the defendant by means of a voucher in the form of a bill or statement of account, audited and approved by the officers of the company, the statement of the item reading:

"For amount of insurance collected from Travelers Insurance Co. Account of injuries received Sept. 3d, 1908, $8.40."

The plaintiff testified that he signed the receipt attached to the voucher, acknowledging payment of the amount; that he might have read the part referring to the Travelers Insurance Company, but that he knew nothing about it; that he had not applied for accident insurance, nor authorized it to be taken for him in that or any other insurance company; that he did not know whether the defendant insured itself, nor what it did with the fifty cents deducted from his pay checks. We do not regard the language of the voucher as affording conclusive

evidence of the terms of any contract between the defendant and the insurance company, or of any contractual relations between the company and the plaintiff. The superintendent of the railway company, who attended to the employment of the plaintiff and other motormen, testified that he never explained to them orally about the deduction of fifty cents a month, but that he wrote orders concerning it. The plaintiff was asked on cross-examination if he always read all the notices that were posted by the superintendent. He answered, "Yes, that was our orders." The defendant introduced in evidence a notice signed by the superintendent, dated December 19, 1910. The plaintiff testified that he supposed it had been posted, but did n't remember it. It was addressed to all employees of the railway company, and began thus: "The Company has renewed the Workman's Collective Insurance Policy for 1910 and 1911. This is the policy where the employee pays the Insurance Company 50 cents per month and receives half pay if injured from the Insurance Company." Whether the plaintiff ever saw and read this notice would seem to be a question of fact to be determined by the jury. But assuming that he did, we can not say as a matter of law that the notice changed the character of whatever contract already existed between the plaintiff and the defendant, or that it affords conclusive evidence of what the contract was.

The defendant relies largely upon the doctrine applied in *Carpenter v. Chicago, etc., R. Co.*, 21 Ind. App. 88, 51 N. E. 493, where it was held that no action would lie against a railway company upon a contract relating to deducting amounts from the wages of its employees to pay the accident insurance. The contract there involved was in the form of a certificate, given to the employee, signed by his employer and by the insurance company, the part which is material for present purposes reading:

" 'This is to certify that Emanuel Carpenter, Sec. 25, Coal Bluff, is insured by the American Casualty Insurance and Security Company of Baltimore, Md., against accident resulting in bodily injury or death. By the terms of the policy the above named person, so long as he remains an employe of the Chicago & Eastern Illinois Railroad Company, will receive through the paymaster of that railroad company in case of accident, however and whenever happening between the date hereof and the first day of May, 1893, the following benefits. . . . This certifi-

cate is issued in accordance with the policy of insurance issued by the American Casualty Insurance and Security Company to the Chicago & Eastern Illinois Railroad Company for the benefit of its employes.'" (p. 89.)

The language quoted makes it entirely clear that the employee was a party to a contract under which the insurance company had written an accident policy for his benefit, any payments under it to be made to him through the railroad paymaster. Here the plaintiff did not testify to such an arrangement, nor did the defendant introduce any incontestible proof of its existence. That the evidence as a whole may have tended strongly in that direction does not affect the question now under consideration. A Canadian court, however, has reached a conclusion contrary to that arrived at in the Indiana case cited, upon a contract quite similar to the one there interpreted. (*McKenzie v. Garth*, Rapports Jud. Quebec, 9 C. R. 224, cited in Note, 11 L. R. A., n. s., 194.)

We do not regard the recovery of a judgment against the defendant for the plaintiff's loss of time, on the theory that his injury was due to its negligence, as barring an action upon the contract of insurance, if it actually existed. A contract for insurance against the loss of time as the result of accidental injury is not regarded as one of mere indemnity; and therefore the insurer is not entitled to a reduction of liability on account of any circumstance which diminishes the actual loss of the insured, such as aid or compensation he may have received from another source. (1 C. J. 517.) Nor is the insurer subrogated to the insured's rights to recover damages from the person whose negligence caused the injury. (1 C. J. 518.) The question is fully treated in *Gatzweiler v. Milwaukee E. R. & L. Co.*, 136 Wis. 34, 116 N. W. 633, which is reprinted in the three series of selected cases. The latest decision on the subject is *Suttles v. Railway Mail Association*, 156 App. Div. 435, 141 N. Y. Supp. 1024, where the earlier ones are reviewed. The cause of action on the contract and that on the tort are entirely different and are independent of each other. The one is founded upon an agreement to pay a fixed amount (or an amount to be arrived at by a fixed standard) if disability is occasioned by an injury; the other is founded upon the obligation of a wrongdoer to make amends

for the result of his misconduct. The circumstance that the same corporation happens to be charged both upon the contract and upon the tort does not affect the essential character of its liability in either aspect, or take the case out of the operation of the general rule. Many courts have considered the validity and effect of a contract that upon the happening of an accident the employee shall elect between accepting the benefits of a relief fund provided by his employer and the prosecution of an action for damages. (Note, 11 L. R. A., n. s., 182.) Such a question could hardly arise if there were an inconsistency between the two remedies.

It is urged that the defendant had no power to bind itself by a contract for accident insurance. Doubtless it could not enter into a general business of writing policies of that character. But a railway corporation has the incidental power to make various arrangements for the protection of its own employees (10 Cyc. 1143), and no reason is apparent why it might not embody in its contracts of employment a provision that it would pay partial wages in case of disability in consideration of a deduction to be made from each pay check.

The judgment is reversed and the cause remanded for a new trial.