Marshall-Jackson Company, Appellant, vs. Jeffery and another, Respondents.

*February 5—March 5, 1918.*

*Workmen's compensation: Illinois statute: Liability of third person for injury: Subrogation of employer or insurer to employee's right of action: Parties.*

1. Under sec. 29 of the Illinois workmen's compensation act, where the injury or death of an employee for which compensation is payable under the act was not caused by negligence of the employer or his employees, and a third person is legally liable therefor, the employer is merely subrogated to the right to enforce the claim of the employee or his personal representative against such third person, and the amount recovered is to be apportioned as therein prescribed. No such right of action is vested in the employer as would pass by subrogation to an insurer of the employer against loss under the compensation act; hence, although the insurer has paid the amount of compensation which was payable under the act, the employer is the proper party to prosecute the action to enforce the legal liability of said third person to the employee or his personal representative.

2. A policy insuring an employer against loss arising out of injuries to his employees is in the nature of accident insurance and unless it is expressly made an indemnity contract the insurer is not subrogated to the rights of the insured against third persons whose negligence caused an injury.

Appeal from an order of the circuit court for Kenosha county: E. B. Belden, Circuit Judge. *Reversed.*

The appeal is from an order overruling plaintiff's demurrer to parts of defendants' answer to the amended complaint.

The complaint of the plaintiff states that the defendants are owners of a large building in Chicago, Illinois, in which the plaintiff had leased and still occupies rooms as a tenant;

that defendants had equipped the building with patent window-cleaning devices to be used by the plaintiff and other tenants in the building; that said devices were unsafely constructed; that one John Mantello, an employee of the plaintiff, on April 27, 1915, attempted to use the window-cleaning devices, and as a result of their dangerous and insecure character the devices were pulled out of the window shafts or frames, precipitating John Mantello from a fourth-floor window to the ground; that he suffered a fractured skull and other injuries, from which he died an hour later. The complaint alleges that the unsafe and dangerous character of the devices was known, or by exercise of due care should have been known, to the defendants. The complaint further alleges that the plaintiff and John Mantello, as plaintiff's employee, were subject to the provisions of the workmen's compensation act of Illinois; that under this act plaintiff became liable as employer and has been compelled to pay to the widow of John Mantello the amount of $2,500, and it therefore demands judgment against the defendants for that sum and its costs.

A second cause of action is alleged under the provisions of an ordinance of the city of Chicago which provides that the owner or agent of every building embraced in the ordinance shall equip every window of the building above the first story with safety devices which will permit the cleaning of the exterior of each and every window above the first story without danger to the person doing the work.

A third cause of action alleged that under an Illinois statute the personal representative of Mantello is entitled to bring an action for the benefit of the widow for the wrongful killing of Mantello, and that under the workmen's compensation act the plaintiff is subrogated to the rights of the widow and the representative of Mantello for the recovery of damages proximately caused by the wrongful and negligent action of defendant resulting in Mantello's death.

A fourth cause of action is a repetition of the third, with additional allegations of defendant's liability under the Chicago ordinance set forth in the second cause of action.

To each cause of action defendants interposed a general demurrer. This demurrer was noticed for hearing, but was withdrawn before decided and an answer served. The answer alleges that the plaintiff ought not to have this action against defendants because the *Marshall-Jackson Company* and John Mantello were operating under the workmen's compensation act of the state of Illinois; that at some time subsequent to the date of the alleged accident to John Mantello the widow of John Mantello made claim against the plaintiff under the provisions of the act; that the plaintiff was insured under a contract with the Ben Franklin Mutual Casualty Company by which the casualty company agreed to indemnify, save, and hold harmless the plaintiff against any damages and loss and to pay any and all liabilities arising out of or resulting to plaintiff's employees from injuries of the kind and nature alleged in the complaint; that the Ben Franklin Mutual Casualty Company did pay the claim of the widow of John Mantello against the *Marshall-Jackson Company* to the amount of $2,500; that that amount was all the widow was entitled to receive under the workmen's compensation act of Illinois; that the sum of $2,500 so paid by the Ben Franklin Mutual Casualty Company for the benefit of the widow of John Mantello is the identical sum of money which the plaintiff is attempting to recover from the defendants in this action.

The defendants also alleged other defenses which need not be stated for the purposes of this appeal.

The plaintiff demurred to the part of the answer alleging that the $2,500 paid by the Ben Franklin Mutual Casualty Company for the benefit of the widow of John Mantello is the identical sum of money sued for by the *Marshall-Jackson Company,* on the ground that the allegations do not

state facts sufficient to constitute a defense.   The demurrer was overruled by the court.   An amended complaint was served by the plaintiff on November 8, 1916, which is identical with the original complaint with the exceptions that a copy of the workmen's compensation act of Illinois is attached, as well as of the Chicago ordinance, with the additional allegation that the defendant at the time of the injury to Mantello had elected to be governed by the Illinois compensation act.

The part of the Illinois workmen's compensation act material to the issue presented by the answer and plaintiff's demurrer thereto and involved in this appeal is as follows:

"§ 29.   *Where injury caused under circumstances creating a legal liability in some person other than the employer.* Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee.   Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other per-

son, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative: Provided, that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for a recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability." [Hurd's R. S. 1915–16, ch. 48, § 152b.]

The answer to the amended complaint is identical with the answer to the complaint and is demurred to in the same manner.

The demurrer was overruled on January 4, 1917, from which order this is an appeal.

The cause was submitted for the appellant on the briefs of *Joseph R. Clarkson* of Kenosha, attorney, and *Samuel A. Harper* of Chicago, of counsel, and for the respondents on the brief of *Cavanagh, Barnes & Cavanagh* of Kenosha, attorneys, and *Calhoun, Lyford & Sheean* of Chicago, of counsel.

SIEBECKER, J.    The contentions of the appellant on this appeal involve the rights of the parties to the action under sec. 29 of the workmen's compensation act of Illinois, set out

in the foregoing statement. The provisions of this section show a clear legislative intent to fix the rights of employees and employers to the damages recoverable for personal injuries to employees against persons other than the employer who are legally liable to the injured employee or his personal representative. When the employer, the employee, and the third person legally liable to the injured employee *are all subject to this compensation act,* then the right to damages by the employee or his personal representative against such other person "shall be subrogated to his employer" and the employer may prosecute an action against such other person "to recover such damages sustained," the amount thereof being limited to the aggregate amount of compensation payable. When, however, the third person who is legally liable to the injured employee or his personal representative *is not subject to the compensation act,* then an action may be prosecuted against such other person legally liable in damages to the injured employee or his personal representative by the injured employee or his personal representative, but if such employee or his personal representative have accepted or agreed to accept compensation, then the "employer shall be subrogated to all the rights of such employee or personal representative" and may sue in his name or in the name of the employee or his personal representative to recover such damages, but of the damages so collected by the employer, any sum in excess of the compensation, costs, attorneys' fees, and expenses incurred by him he is required to pay to the injured employee or his personal representative.

We have not been favored with any decision of the courts of Illinois dealing with this statute and the question involved here. It is manifest from the provisions of the act that the legislature intended that the legal rights of the employee or his personal representative arising from acts of negligence of other persons than the employer proximately causing the employee damages should not be affected by the

provisions of the compensation act, except that the employer is subrogated to the right to recover such damages for the purpose of applying such damages in payment of the compensation paid by the employer and to receive and account for all sums he received in excess thereof to the employee or his personal representative. This object of the legislature conflicts with a claim that an insurer of the employer becomes subrogated to any right to any such damages upon payment under the contract of insurance to the employer of the amount of its liability. It is manifest that the right the employer acquires to the injured employee's right to such damages contemplated by the act is the right to enforce the employee's claim against such other person for the benefit of himself and the employee, and that they are to be applied in payment of the compensation provided for in the act, and any excess is the property of the employee or his personal representative. Under these conditions and relations of the parties the employer has and acquires no rights of action against the third party liable to the employee, but is simply subrogated to the right of enforcing the employee's claim and to distribute the amount recovered between the employer and employee as prescribed by the compensation act. This right does not vest in the employer any such right of action which can pass by subrogation to an insurer of the employer for saving him harmless from loss under the compensation law. The United States circuit court of appeals for the Eighth circuit, in considering the rights of persons covered by the provisions of the Nebraska compensation act under circumstances similar to those involved here, expresses the view that the cause of action of the employer against such third person under such a subrogation must be treated as if it were prosecuted by the injured employee or his personal representative. *Otis E. Co. v. Miller & Paine,* 240 Fed. 376.

Another aspect of the case is presented by the fact that the insurance carried by plaintiff in the Ben Franklin Mutual

Casualty Company to protect itself against loss arising out of or resulting from injuries to its employees in the course of their employment, is in its nature accident insurance. Under insurance contracts of this class the insurer is not subrogated to the rights of the insured against third persons whose negligence caused the injury for which the insurer has been held liable under such policy. In *Gatzweiler v. Milwaukee E. R. & L. Co.* 136 Wis. 34, 116 N. W. 633, this court, speaking on this subject, declared:

"We . . . hold that such a policy is an investment contract giving to the owner or beneficiary an absolute right, independent of the right against any third party responsible for the injury covered by the policy; . . . that in the absence of a feature expressly making the policy of insurance an indemnity contract, it should not be regarded as such, but held to be an investment contract in which the only parties concerned are the insurer and the assured or the beneficiary."

In *Suttles v. Railway M. Asso.* 156 App. Div. 435, 141 N. Y. Supp. 1024, it is held that such insurance contracts are not contracts of indemnity only, and that the right of subrogation as contended for by the defendants here does not apply. *McAdow v. K. C. W. R. Co.* 96 Kan. 423, 151 Pac. 1113. See, also, note to the *Gatzweiler Case, supra,* in 18 L. R. A. n. s. 211.

It follows upon the foregoing considerations that the plaintiff is the proper party to prosecute this action under the Illinois compensation act and that it can enforce the rights of the personal representative of the injured employee against the defendants under the facts and circumstances stated in the pleadings, and that the trial court erred in overruling the plaintiff's demurrer to the part of the defendants' answer embraced in the demurrer.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with directions to enter an order to sustain the plaintiff's demurrer to the paragraph numbered "I" of the defendants' answer to the amended complaint.