PATITUCCI, Respondent, vs. GERHARDT, Appellant.

*November 11, 1931—January 12, 1932.*

The cause was submitted for the appellant on the brief of *Hannan, Johnson & Goldschmidt* of Milwaukee, attorneys, and *Whaley & Paulsen* of Racine of counsel, and for the respondent on that of *L. E. Vaudreuil* of Kenosha.

WICKHEM, J. The appellant does not question the sufficiency of the evidence to sustain the verdict. The appeal raises the question of the propriety of permitting plaintiff to recover full damages in this action. The cross-examination of the plaintiff disclosed that he carried collision insurance upon his car; that this collision insurance provided for the payment of all loss due to collision within the limits of the policy, over and above the sum of $75, and that the insurance company had paid to plaintiff the difference between the sum of $342 and $75. Upon the basis of this testimony the appellant contends in the alternative: (1) That the acceptance of part payment from the insurer operated as an assignment *pro tanto* of plaintiff's cause of action, and that his recovery should be limited to $75; or (2) that the insurance company is a necessary party to the complete determination of the controversy, to avoid splitting the cause of action, and that consequently no judgment for any amount could properly be entered against the defendant without the presence of the insurer as a party to the action.

The rule governing subrogation in the case of fire insurance risks is well settled. The payment of a loss by the insurer operates as an assignment to the latter of the rights of the insured against the tortfeasor responsible for the destruction of the property. *Swarthout v. Chicago & N. W. R. Co.* 49 Wis. 625, 6 N. W. 314; *Hustisford F. Mut. Ins. Co. v. Chicago, M. & St. P. R. Co.* 66 Wis. 58, 28 N. W. 64; *Wunderlich v. Chicago & N. W. R. Co.* 93 Wis. 132,

66 N. W. 1144; *Gatzweiler v. Milwaukee E. R. & L. Co.* 136 Wis. 34, 116 N. W. 633. This rule applies whether the contract expressly provides for subrogation or not. In the event of a partial discharge of the loss, there is an assignment to the extent of the payment. *Pratt v. Radford,* 52 Wis. 114, 8 N. W. 606; *Swarthout v. Chicago & N. W. R. Co., supra.*

The doctrine is based upon the theory that a contract of fire insurance is a contract of indemnity, and that the position of the insurer in such a contract is analogous to that of a surety. *Gatzweiler v. Milwaukee E. R. & L. Co., supra; Frankfort G. Ins. Co. v. Milwaukee E. R. & L. Co.* 169 Wis. 533, 173 N. W. 307; *Marshall-Jackson Co. v. Jeffery,* 167 Wis. 63, 166 N. W. 647. On the other hand, an accident insurance policy, in the absence of any express provision in the policy to the contrary, is held to be an investment contract in which the only parties concerned are the insurer and the insured or the beneficiary. Consequently, in the case of such contracts the insurance company is not subrogated to the rights of the insured, and is not a necessary party by reason of its having paid the amount of the insurance. *Gatzweiler v. Milwaukee E. R. & L. Co., supra; Marshall-Jackson Co. v. Jeffery, supra.*

It is our conclusion that there is no difference in principle between collision policies and fire insurance policies. Both are for the purpose of indemnifying the assured against such loss as he may have sustained by reason of a specified hazard. Neither falls within the class of accident policies which may legitimately be regarded as investment contracts. This court has indicated in *Frankfort G. Ins. Co. v. Milwaukee E. R. & L. Co., supra,* that there is no reason why the doctrine of the fire insurance cases should not be extended to cases of liability insurance, at least to the extent of subrogating the insurer of one joint tortfeasor to its insured for the purposes of suing for contribution.

Is the failure to join the insurance company a mere defect of parties, such as is waived by failure to take the objection by answer or demurrer, or is this a situation where the presence of the insurance company is indispensable to a complete determination of the controversy? The claim against the defendant by reason of his tortious act has been said to be indivisible and to be based upon a single liability. By operation of law the ownership of a part of this claim has become vested in the insurance company by reason of its payment of the loss. If this presents to the court a single controversy, it must be apparent that a complete determination of it cannot be had without the presence of all of the parties who together own the cause of action. When it is further considered that sub. (4) of sec. 260.19 requires that a liberal construction be given to the section, to the end that closely related contentions may be disposed .of in .one action, even though in a strict sense there be two controversies, and when it is further considered that the obligation on the part of the trial court to bring in indispensable parties is one that exists independently of any motion by either party, it must be apparent that sec. 260.19 has a larger objective than merely the protection of the parties to the action. It is the apparent intention of the legislature that single controversies shall be determined in one action, for the purpose of promoting expedition and economy in the administration of justice. Since the Code has abolished distinctions between actions at law and suits in equity, and since sec. 260.19 is borrowed from the old rules governing equitable actions, we think it is a fair conclusion that the section was intended to apply to all actions, whether at law or in equity. If the section is to be given application to actions at law, we can think of no more appropriate place to apply it than to a situation where a single cause of action exists but where the ownership of this cause of action is vested in several per-

sons by reason of partial assignments. Especially is this true in cases where the assignments occur by operation of the principles of subrogation. It frequently is not ascertainable until the verdict establishes the amount of the damages, whether the insurer is the sole or partial owner of the cause of action. If the amount of damages set by the jury is less than the insurance paid, the insurer is the sole owner; if the amount is greater, the insurer is only a partial owner.

We do not mean to intimate that such a cause of action might not properly proceed to judgment if the matter of insurance did not come to the attention of the court. In such a situation the defendant, either because he paid the judgment without knowledge of the fact that an insurer had paid for part of the loss, or because of the fact that the payment was involuntary, would doubtless be protected by the judgment, upon the ground, in the first case, that the insurer, not having notified the tortfeasor of its claim, could not complain, and in the second case, that the compulsion of the judgment would prevent the payment of the full sum to the insured from operating as a fraud upon the insurer. In such a case the insured would recover the entire amount and hold such portion as properly belongs to the insurance company as trustee. But where, in the course of the trial, it comes to the attention of the court, as it did here, that the insurer has an interest in this cause of action, we think it was the duty of the court, upon its own motion, to stay proceedings and to order the insurance company made a party.

Since, however, it is in the interests of justice to avoid a new trial, if that be practicable, and since the defendant will be sufficiently protected if the insurance company files a release of its claim or an assignment of its rights to plaintiff, the filing of one or the other of these instruments should be made the condition upon which judgment may be entered for the plaintiff. This will also give to the insurance com-

pany the opportunity properly to protect its rights in the premises, and will obviate the necessity for a second trial of this action.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial unless the Pittsburgh Underwriters Insurance Corporation shall file with the clerk of the municipal court a release of claim for damages against the defendant, or an assignment of its claim to plaintiff, within such period as may be fixed by the court.