### SLOAN v GITMAN et

Ohio Appeals, 1st Dist, Hamilton, Co

No 5007. Decided March 30, 1936

Sawyer & Tiemeyer, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for defendants in error.

### OPINION

By ROSS, PJ.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, Ohio, wherein judgment was rendered in favor of the defendants upon a demurrer to the petition being sustained. The entry of the court was as follows:

"This cause coming on to be heard upon the demurrer of the defendants to the petition herein on the ground that it appears from the face of the petition and the record that this action is not brought within the time limit for the commencement of such action as is provided by the statute, the same having been argued by counsel and submitted to the court, upon consideration thereof the court finds said demurrer well taken and does hereby sustain same, and enters judgment in favor of the defendants herein, the court costs being assessed against the plaintiff.

"This cause coming on further to be heard upon the motion for rehearing on the demurrer of the defendants, the same having been argued by counsel and submitted to the court, the court finds said motion not well taken and does hereby overrule same.

"To all of which, plaintiff, by his counsel, excepts."

An examination of the petition shows that nowhere therein is contained anything from which it can be determined that the time of the statute of limitations has run. It will be noted that in the entry the court uses the terms "from the face of the petition **and the record**" (emphasis ours). The same language is used in the demurrer.

By referring to the service of process the court was enabled to determine that the statute had run before the proper steps had been taken to complete the commencement of the action herein involved.

If a plea or answer had been filed, we would conclude that the judgment of the trial court was correct, being sustained by the facts appearing in the record.

Sec 11302, GC, provides:

"The forms of pleading in civil actions

in courts of record, and the rules by which their sufficiency shall be determined, are those prescribed in this chapter, except as otherwise specially provided."

We are, therefore, confined to the code in predicating our conclusion upon the effect of a demurrer to the petition.

Sec 11305, GC, in effect defines a petition:

"The first pleading shall be the petition by the plaintiff, which must contain:

"1. A statement of facts constituting a cause of action in ordinary and concise language;

"2. A demand for the relief to which the plaintiff claims to be entitled. If the recovery of money is demanded, the amount shall be stated; and if interest is claimed, the time for which interest is to be computed shall be stated."

Sec 11309, GC, provides in part:

"The defendant may demur to the petition **only** when it appears on its face either:

"9. That the action was not brought within the time limited for the commencement of such actions; * * *" (emphasis ours).

One other section must be considered also. §11331, GC, provides:

"Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading, but statements in one part of a pleading may be incorporated into another by reference to and adoption therein. In like manner, any part of another pleading, and a copy or exhibit once embodied in or attached to a pleading, may be referred to and adopted in a subsequent pleading in the same cause."

Now it is obvious that "presumptions of law" or matters of "judicial notice" must be only those which can be considered at the time the petition is filed. The petition cannot be elastic, expanding by including facts coming into existence after its filing. While the court will take judicial notice of course of its own journal and the record in the case, in considering the petition it can only take judicial notice of those matters in existence at the time the petition is filed. Service of process and the return thereof manifestly are matters which, though subjects of judicial notice, occur after the filing of the petition and cannot

be considered therewith as being upon the "face of the petition."

In the instant case the petition itself in no way showing anything to indicate the running of the statute, recourse was had by the court to the record to show that the action was not commenced because the service of process was not completed within the sixty days permitted by §11231, GC, providing as follows:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

The statute of limitations refers to the commencement of the action rather than the filing of the petition.

Sec 11224-1, GC, provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Sec 11230, GC, provides:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

The case of Bulkley et v Railway Co., 81 Conn., 284, is directly in point, and the conclusion reached is the same as herein asserted. Paragraphs 1 and 2 of the syllabus are:

"The statute of limitations cannot be invoked by demurrer to a complaint for personal injuries, since the alleged date of the injury is immaterial and the plaintiff is not thereby precluded from proving that it occurred at such a later day as would render the demurrer pointless.

"An officer's return constitutes no part of the plaintiff's statement of his cause of action, and therefore its recitals cannot be utilized by a defendant as a basis for a demurrer to the complaint."

The court at page 286 of the opinion states:

"The demurrer was to the complaint. We have held that a complaint may, for the purposes of a demurrer, be read in connection with the writ it accompanies. Radezky v Sargent & Co., 77 Conn., 110, 112, 58 Atl., 709. It is a very different thing, however, to say that the statements in the return of the officer serving the writ and complaint may be treated as facts supplementing those set up in the complaint, and so forming a part of the complaint that they may be utilized by the defendant in a demurrer to the plaintiff's statement of his cause of action. We can imagine no justification for such a proposition. The facts attending the officer's action, although reported to the court in a return on file as a part of the record of the cause and importing verity, are facts aliunde the pleadings, and must be pleaded by which ever party would avail himself of them, thus permitting an issue of fact to be joined thereon. The language of the demurrer indicates that the defendant appreciated that it was going outside of the complaint for a necessary fact and pleading it as a fact. The demurrer carefully refrains from stating that it appears from the complaint that the action was not begun within the four-month period. On the contrary, it asserts the proposition that such was the fact, thus making it in form, as it was in fact, a speaking demurrer. If the defendant desired to avail itself of the date of service, it was its duty to set it up in a defense in bar of the action."

It will be noted in the case at bar that the demurrer here also states, as before noted, "and the record."

It is urged that the demurrer may be considered as a motion or plea. A demurrer is predicated upon no issue of fact. Both motion and plea involve fact as well as law, and the plea or answer must be verified.

In **Armbruster, Admr. v Harrison, 116 Oh St, 490,** the statute of limitations was invoked by motion to dismiss. Obviously upon the motion involving both issues of fact and law the court could look to the facts developed by its record, which it did in disposing of the motion. This cannot be considered an authority for treating a demurrer as a motion or plea. The motion and plea are both broader in scope than the demurrer, for they raise issues of fact as well as law. Whether or not the action had commenced, whether or not service had been made, were issues of fact, not law. The legislature could easily have used the words "face of the record," if it had intended a demurrer to reach beyond the "face of the petition." That it did not is not a subject for our comment.

Note, §13439-5, GC, where a motion to quash in a criminal case is predicated upon defects appearing on the "face of the record."

We find that the demurrer should have been overruled and the case is, therefore remanded to the Court of Common Pleas with instructions so to rule and for such further proceedings thereafter as may be in accordance with law.

MATTHEWS and HAMILTON, JJ, concur.