MERCER CASUALTY CO., APPELLANT, *v.* PERLMAN, APPELLEE.

(Decided April 24, 1939.)

*Mr. William A. Finn,* for appellant.

*Messrs. Williams, Eversman & Morgan* and *Mr. Wm. H. Black,* for appellee.

CARPENTER, J. At the instance of plaintiff, substi-tuted service of summons upon defendant was had under Section 6308-1 *et seq.,* General Code. It claims that this is a "civil suit or proceeding instituted in the courts of the state of Ohio * * * arising out of, or by reason of, any accident or collision occurring within

the state in which such [defendant's] motor vehicle is involved." Section 6308-1, General Code.

A motion to quash the services was sustained by the trial court and the petition was dismissed for the reason that the cause stated in the petition was not one within the meaning of the section quoted above. It was not claimed that the form of the service did not conform to the statute. From this judgment, appeal on questions of law was taken.

No question is raised by the plaintiff as to the propriety of a motion to quash to thus test the sufficiency of the service when defects appear upon the face of the petition. Under the Ohio practice, this procedure has long been recognized. *Williams' Admrs.* v. *Welton's Admr.*, 28 Ohio St., 451; *Drea* v. *Carrington,* 32 Ohio St., 595, 601; *Allen* v. *Smith,* 84 Ohio St., 283, 288, 95 N. E., 829, Ann. Cas. 1912C, 611; *Agricultural Society* v. *Brenner,* 122 Ohio St., 560, 573, paragraph 5 of the syllabus, 172 N. E., 659; *Canton Provision Co.* v. *Gauder,* 130 Ohio St., 43, 45, paragraph 1 of the syllabus, 196 N. E., 634.

If an additional reason for this procedure is needed, it is suggested that the method adopted by the filing of the motion to quash was the only preliminary way that the question of the sufficiency of the service of summons upon defendant could be raised. A demurrer on the first ground mentioned in Section 11309, General Code, "That the court has not jurisdiction of the person of the defendant," would be proper only when it so appeared on the face of the petition, and since the return of the sheriff as to the service of summons made or attempted to be made is not a part of the petition, a demurrer to the petition on that ground would not lie. This principle is considered in *Sloan* v. *Gitman,* 55 Ohio App., 188, 9 N. E., (2d), 366. A general demurrer would constitute an entry of appearance, and although in the instant case its sustentation would end

the litigation, the defendant should not be required to so proceed when the correct result was attainable by the filing of the motion to quash the service of summons in the first instance.

Looking to the petition, it appears that plaintiff is an insurance company, and as such it issued what it called· a "school bus accident insurance policy" by which it agreed to pay, among other things, $500 for loss of life and up to $200 for medical, etc., expenses in case of injury to or death of a pupil "entering, riding in or dismounting from the vehicle," a certain school bus, or "crossing a public highway while approaching or leaving said school bus."

Such a pupil, Elizabeth Strayer, was killed by collision with an automobile owned and driven by defendant Sam Perlman on a public highway in Williams county; the plaintiff paid the administrator of her estate $549.60 in full settlement under its policy of accident insurance, and the allegations are that the administrator "assigned and transferred to this plaintiff all claims and demands, actions and causes of action, which he as such administrator had against defendant herein for and on account of the injuries and death of the said Elizabeth Strayer to the extent of the sum of $549.60; and that this plaintiff is now the sole and rightful owner of all claims against said defendant as hereinafter set forth, said defendant having settled, compromised and adjusted all other claims of the administrator * * * arising out of or connected with the injuries sustained as aforesaid and her death resulting therefrom."

The petition then alleges nine specifications of negligence on the part of defendant which caused "the loss incurred by it," the plaintiff.

A copy of the insurance policy is attached to and made a part of the petition. An examination of it discloses a regular accident insurance policy insuring

against injury or death caused in the particular manner stipulated. It does not contain any provision for the subrogation of the insurer.

The issue presented by the motion to quash was: Did the petition state a cause of action of the type mentioned in Section 6308-1, General Code?

If this was a "suit or proceeding * * * arising out of, or by reason of, any accident or collision * * * in which such motor vehicle is involved," then the court erred in quashing the summons and return thereon; if not, no error was committed by that action.

The answer to this question requires an examination of the various relationships between four persons —the plaintiff, the decedent, her administrator, and the defendant. The plaintiff is involved herein by reason of its contract of insurance. That is an ordinary accident insurance obligation; it does not depend upon any elements of negligence or damages, and hence contains no element of indemnity.

*Suttles* v. *Railway Mail Assn.*, 156 App. Div., 435, 141 N. Y. Supp., 1024; *Dalby* v. *India & London Life-Assurance Co.*, 15 C. B., 365, 139 Eng. Rep., 465.

If Elizabeth Strayer suffered an accidental death under the circumstances stipulated in the contract, the plaintiff was bound to pay to her administrator $500 plus certain expenses up to $200—no more, no less. Had she, solely by her own carelessness, fallen out of the school bus or stumbled on the highway while crossing it to or from the bus, and sustained a fatal injury, the plaintiff would have had to pay her estate regardless of whether her estate or her next of kin was damaged by her death.

It is alleged in the petition that this insurance was purchased by Dewey Roe, the operator of the bus; but it is not suggested that he was in any way liable for the death of Elizabeth Strayer. Nowhere in the policy is there any provision by which the payment of the obli-

gation of the insurer, the plaintiff, could under any circumstances indemnify Roe or any one else for any loss by way of claims against him or them for such death, and there being no indemnity feature present, there can be no subrogation. *Gatzweiler* v. *Milwaukee Electric Ry. & Light Co.,* 136 Wis., 34, 116 N. W., 633, 18 L. R. A. (N. S.), 211; *Aetna Life Ins. Co.* v. *Parker & Co.,* 30 Tex. Civ. App., 521, 72 S. W., 621; affirmed 96 Tex., 287, 72 S. W., 168.

Assuming that, as alleged in the petition, Elizabeth Strayer's death was caused solely by the negligence of defendant Perlman, two damage liabilities to the administrator arose, one to the estate, a survivorship claim; the other to her next of kin for wrongfully causing her death; and assuming further that actions were brought on both of them, Perlman could not plead in either in mitigation of his damages that the administrator had been paid the $549.60 by the plaintiff. *Bradburn* v. *Great Western Ry. Co.* 10 L. R. Ex., 1, 23 Weekly Rep., 48, 44 L. J. Ex., 9, 31 L. T., 464; *Gatzweiler* v. *Milwaukee Electric Ry. & Light Co., supra.*

The plaintiff having no right of subrogation, either expressly under the terms of its policy, or impliedly under the law, its cause of action could only arise out of the attempted contract of assignment by the administrator, and not "out of or by reason of" the accident. This principle is well expressed in *Bradburn* v. *Great Western Ry. Co., supra,* wherein the tort-feasor sought to deduct from its liability the accident insurance money received by the plaintiff. Pigott, B., said:

"He [the insured] does not receive that sum of money because of the accident, but because he has made a contract providing for the contingency; an accident must occur to entitle him to it, but it is not the accident, but his contract, which is the cause of his receiving it."

In the early case, *Connecticut Mutual Life Ins. Co.*

v. *N. Y. & N. H. Rd. Co.*, 25 Conn., 265, 274, 65 Am. Dec., 571, the court said:

"The other branch of our enquiry, relating to the manner in which the injury complained of was brought home to the party claiming to have suffered by it, concerns principles of great practical interest and novel in their present application. The plaintiffs sustain no relation to the authors of the wrong other than that of mere contractors with the party injured; and their contract liability is the medium through which the injury is brought home to them."

The plaintiff is at least two contracts remote from the accident. Whether a subrogee under an indemnity contract can maintain an action which depends upon the Ohio substituted service statute is not decided herein, nor is the question whether, apart from the element of process, Perlman, having settled in full with the administrator, can now be made to respond on plaintiff's claim.

The case of *Travelers' Fire Ins. Co.* v. *Miller*, 27 Ohio Law Abs., 406, is cited as supporting plaintiff's claimed right to proceed under substituted service of process. The facts in that case are entirely different from those herein. That policy indemnified the insured for loss by way of damages resulting from the collision of his automobile. It collided with the automobile of the defendant. The company paid the entire loss and, it being a matter of property damage, was subrogated to the rights of the insured against the defendant. The distinction between insurance against loss of property and the indemnity nature of such contract, and accident insurance is pointed out in English and American cases hereinbefore cited.

The action of the trial court herein in granting the motion to quash the issuance and service of summons and return thereon was correct and the plaintiff not desiring an alias summons, nothing remained for that

court to do but dismiss the petition. The judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.